UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>                     Plaintiff,<br><br>     v.<br><br>CITY OF WALLA WALLA, MARCUS GOODWATER, individually and in his capacity as an employee of the City of Walla Walla, SCOTT BIEBER, individually and in his capacity as an employee of the City of Walla Walla, WALLA WALLA COUNTY, MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County, and JAMES NAGLE, individually and in his capacity as an employee of Walla Walla County,<br><br>                     Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is the City of Walla Walla Defendants' Motion for Summary Judgment (ECF No. 19). This matter was heard with oral argument on June 10, 2020. William A. Gilbert and Thomas E. Robertson appeared on behalf

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

1  of Plaintiff.  Richard B. Jolley appeared on behalf of the City of Walla Walla,

2  Marcus Goodwater, and Scott Bieber (together, "Defendants").  Heather C. Yakely

3  appeared for the County of Walla Walla and its employees.  The Court has

4  reviewed the record and files herein and considered the parties' oral arguments,

5  and is fully informed.  For the reasons discussed below, Defendants' Motion for

6  Summary Judgment (ECF No. 19) is granted.

7  **BACKGROUND**

8        This case arises out of events occurring when Defendants investigated and

9  prosecuted Plaintiff for various sexual offenses in state criminal proceedings.

10 Plaintiff raises a series of Section 1983 claims for alleged violations of his

11 constitutional rights and tort claims under state law.  ECF No. 1.  The following

12 facts are not in dispute, except where noted.  For purposes of summary judgment,

13 "[i]f a party fails to properly support an assertion of fact or fails to properly address

14 another party's assertion of fact as required by Rule 56(c), the court may …

15 consider the fact undisputed."  Fed. R. Civ. P. 56(e)(2).

16       The Court notes that although Plaintiff asserts that additional discovery is

17 needed in order to oppose certain arguments, Plaintiff's general requests for

18 discovery to understand witnesses' states of mind fail to make the requisite

19 showing of specific reasons Plaintiff cannot present facts essential to justify

20

opposition to summary judgment.  Fed. R. Civ. P. 56(d).[1]  Formal discovery began after the scheduling order was entered on February 28, 2020.  ECF No. 14.  A month later, at Defendants' request, the Court suspended discovery because qualified immunity confers upon officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.  ECF No. 32 at 4-5.  Additionally, the Court indicated that collateral estoppel may also be dispositive, thereby justifying the suspension of discovery.  The Court specifically directed Plaintiff to "seek leave of Court for discovery on focused and relevant factual issues not otherwise precluded by collateral estoppel" once Defendants file their Statement of Material Facts Not in Dispute which raise issues that Plaintiff lacks essential facts to justify his opposition to summary judgment.  ECF No. 32 at 7.  Plaintiff's opposition to summary judgment fails to meet this standard.

Plaintiff Anthony Haworth is a current Pasco Police Officer and a former Franklin County Deputy Sheriff.  ECF No. 33 at 8, ¶ 60.  In 2003, Plaintiff married

---

[1]     Plaintiff does not suffer from a lack of available evidence.  The record on this summary judgment hearing exceeds 3,000 pages of evidence from the criminal proceedings.

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

Christina Najdowski-Skaggs.  ECF NO. 41 at 2, ¶ 2.  Christina[2] had two daughters

from a previous marriage: A.S., then 8-years old, and C.S., then six-years old.  *Id.*

Plaintiff took the girls in and treated them as his own children.  *Id.*  Plaintiff and

Christina later had two children of their own.  ECF No. 41 at 2, ¶ 3.  In the spring

of 2015, Plaintiff's marriage to Christina began to unravel.  ECF No. 41 at 3, ¶ 8.

Plaintiff filed for divorce in October 2015.  ECF No. 41 at 4, ¶ 12.  The divorce

was finalized in February 2016.  ECF No. 41 at 5, ¶ 20.  Plaintiff was obligated to

pay spousal support through March 15, 2017.  ECF No. 41 at 5, ¶ 21.

 In late March 2017, Christina contacted Benton and Franklin County

Support, Advocacy, Resource Center ("SARC") to report that A.S. had been raped

by Plaintiff when A.S. was a minor.  ECF No. 41 at 5-6, ¶¶ 22.  SARC told

Christina that A.S. would have to report this herself because A.S. was then an

adult.  *Id.*  A SARC representative then spoke to A.S. and sent a report to the

Franklin County Prosecutor.  ECF No. 41 at 6, ¶ 23.  Due to Plaintiff's

employment, Franklin County recognized it had a conflict of interest and referred

the case to Defendant Walla Walla County for investigation.  *Id.*  Walla Walla

---

[2]    Because many of the witnesses in this case share last names or changed last

names over the course of the investigation, this Order will refer to non-parties by

their first names or by initials.

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 4

County prosecutors contacted the Walla Walla Police Department, who assigned Defendant Detective Marcus Goodwater to the case. *Id.*

On March 27, 2017, Goodwater interviewed A.S. ECF No. 33 at 6, ¶ 44. A.S. reported that Plaintiff touched the inside of her vagina from when she was age 14 until she was age 19, and that Plaintiff had nonconsensual sexual intercourse with her when she was 16 or 17 years old. ECF No. 33 at 6, ¶¶ 42-43. During this interview, A.S. reported that she believed Plaintiff took photos of her on the night he had sex with her and on other nights when he came into her room and touched her vagina. ECF No. 33 at 9, ¶ 68. A.S. also reported that when she was about 15 years old, she noticed a hole in her bedroom wall, and that when she covered the hole with a poster, Plaintiff told her to remove the poster so he could repair it. ECF No. 33 at 9-10, ¶¶ 69-70.

On April 10, 2017, a search warrant was executed at Plaintiff's residence. ECF No. 33 at 102, ¶¶ 1-2. While law enforcement searched Plaintiff's residence, Plaintiff agreed to go with Goodwater and Detective Marlon Calton to discuss the reasons for the search. ECF No. 33 at 2, ¶¶ 4, 6. Plaintiff was not placed under arrest, was not placed in restraints, and was transported to a conference room at Kennewick City Hall. ECF No. 33 at 2, ¶¶ 5, 7-8. Goodwater advised Plaintiff of his *Miranda* rights, and Plaintiff voluntarily signed a *Miranda* waiver form. ECF

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

1    No. 33 at 3, ¶¶ 12-13.  The interview lasted approximately 35 minutes until

2    Plaintiff asked to end the interview.  ECF No. 33 at 3, ¶¶ 15, 19.

3         The April 2017 search warrant authorized law enforcement to search

4    Plaintiff's entire residence and seize any electronic devices that may contain

5    evidence of rape of a child third degree, indecent liberties, or incest in the first

6    degree.  ECF No. 33 at 10, ¶ 72.  During the search, police located a hole in the

7    wall of A.S.'s former bedroom which would have allowed someone to look into

8    the room from the attic and which had been patched.  ECF No. 33 10, ¶¶ 73-77.

9    Police also seized several electronic devices, including a Gateway computer.  ECF

10   No. 33 at 10-11, ¶ 79.  Police later recovered sexually explicit photos of A.S. from

11   the computer.  ECF No. 33 at 11, ¶ 81-83.  Defendants contend that the photos

12   were recovered from a backup of Plaintiff's iPhone on the computer, while

13   Plaintiff contends that the file location was a product of the family's shared iTunes

14   account settings.  ECF No. 33 at 11, ¶¶ 81, 83; ECF No. 41 at 7-8, ¶¶ 30, 33.

15        On April 26, 2017, Plaintiff went to the Walla Walla Police Department to

16   retrieve the property that had been seized during the April 10, 2017 search warrant

17   execution.  ECF No. 33 at 4, ¶¶ 25-26.  At this time, Goodwater showed Plaintiff

18   images of A.S. which had been found on Plaintiff electronic equipment and

19   questioned Plaintiff as to how the images got there.  ECF No. 33 at 5, ¶ 31.

20   Plaintiff asked to end the interview.  ECF No. 33 at 5, ¶ 32-33.

On May 25, 2017, Plaintiff was charged with Rape in the Third Degree – Domestic Violence, Indecent Liberties – Domestic Violence, Incest in the First Degree – Domestic Violence, and Voyeurism – Domestic Violence.  ECF No. 33 at 12, ¶ 89; *see* ECF No. 40-1.

During the course of Goodwater's investigation, multiple witnesses who contacted Goodwater or were contacted by Goodwater shared their opinions that A.S. was untrustworthy or shared their knowledge of A.S.'s sexual history.  ECF No. 41 at 11-16, ¶¶ 43-51.  These witnesses included Ty Maynard, A.S.'s friend from high school; Cody Nunez, who had previously dated A.S. for two years; Brittney Lynn Torrescano, A.S.'s friend; Erin McKever, a family friend; Bonnie Najdowski, A.S.'s maternal grandmother; and C.S., A.S.'s sister.  *Id.*; ECF No. 41 at 8, ¶ 34, 18-19, ¶ 62.  Goodwater also interviewed Christina, Noelle LeCompte, and Joanna Hensley during his investigation.  ECF No. 33 at 11, ¶ 90.

On January 4, 2018, a second search warrant was issued in this case.  ECF No. 33 at 31, ¶ 163.  The January 2018 warrant sought information associated with Plaintiff's Apple ID.  ECF No. 33 at 25, ¶ 167.

On February 22, 2018, the trial court denied Plaintiff's motion to dismiss the criminal charges, finding that Plaintiff did not establish governmental misconduct in Goodwater's contact with Bonnie, A.S.'s maternal grandmother, or Goodwater's instruction to A.S. to remove a comment she had posted on a news article about the

1   case.  ECF No. 20-2.  Also on February 22, 2018, the trial court denied Plaintiff's

2   motion to dismiss the criminal charges, finding that sufficient evidence existed to

3   support a prima facie case and to allow a jury to convict Plaintiff on all four

4   charges.  ECF No. 20-3.

5        On March 5, 2018, the trial court ruled that the April 2017 search warrant

6   was supported by probable cause, that the officers did not exceed the scope of the

7   warrant by searching the attic, that evidence seized related to the hole in A.S.'s

8   bedroom wall was beyond the scope of the warrant and would be suppressed, but

9   that observations and photographs of the hole did not exceed the scope of the

10  warrant.  ECF No. 20-4.

11       On March 9, 2018, Plaintiff's criminal defense attorneys proffered evidence

12  that A.S. had sexual intercourse with Michael Torrescano on the night she had

13  alleged Plaintiff had sex with her.  ECF No. 33 at 14, ¶ 101.  Goodwater contacted

14  Mark Torrescano, Michael's father, regarding this new information and to confirm

15  Michael's contact information.  ECF No. 33 at 14, ¶ 104.  Goodwater told Mark

16  that Michael could be charged with a crime regarding the new allegations proffered

17  by Plaintiff's criminal defense attorneys.  ECF No. 33 at 15, ¶ 108.

18       Christina also reached out to Heather Torrescano, Michael's mother, about

19  the new information.  ECF No. 33 at 17, ¶ 121.  Heather questioned Michael's

20  motives regarding this new testimony.  *Id.* at ¶ 128.  On March 17 and 18, 2018,

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 8

Heather contacted Michael and asked him to think about his actions before he testified.  ECF No. 33 at 18, ¶¶ 129, 132.  On March 19, 2018, Heather left a voicemail for Special Deputy Prosecuting Attorney Michelle Morales, reporting that she felt she was being harassed by Plaintiff's criminal defense counsel.  ECF No. 33 at 19, ¶¶ 142-144.  At the time of the voicemail, neither the state prosecutors nor Goodwater knew of Heather.  *Id.* at ¶ 145.  At no time did the prosecutors instruct Heather to attempt to persuade Michael to change or withhold his testimony.  ECF No. 33 at 20, ¶ 151.

Separately, A.S. spoke with her biological father, Arrow Skaggs, about the case.  ECF No. 33 at 20, ¶ 155.  A.S. did not direct Arrow to withhold employment from C.S. because of her potential testimony in this case.  ECF No. 33 at 21, ¶ 159.[3]

On June 14, 2018, Goodwater and Morales interviewed Michael.  ECF No. 41 at 33, ¶ 109.  During the interview, Michael opened his phone and passed it to

---

[3]  Plaintiff disputes this fact, asserting that "this cannot be addressed absent formal discovery on the matter that was not allowed in the criminal case."  ECF No. 42 at 13, ¶ 159.  This conclusory assertion fails to make the requisite showing of specific reasons Plaintiff cannot present facts essential to justify opposition to summary judgment.  Fed. R. Civ. P. 56(d).

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

Goodwater to review messages exchanged between Michael and A.S. that were on Michael's phone.  ECF No. 41 at 33, ¶ 110.  Later, it was discovered that some of these messages had been deleted from Michael's phone.  *Id.* at ¶ 111.[4]

On June 20, 2018, the trial court denied Plaintiff's motion to dismiss the charges, finding that Plaintiff did not establish governmental misconduct related to Plaintiff's allegations of witness tampering.  ECF No. 20-5.

On July 18, 2018, the trial court ruled that the April 2017 and January 2018 search warrants were supported by probable cause but were unconstitutionally broad and suppressed all evidence seized or discovered from the execution of those warrants.  ECF No. 20-6.

On July 20, 2018, a third search warrant was issued.  ECF No. 33 at 32, ¶ 186.  The warrant lists the items to be searched and seized to include "electronic

---

[4]    Plaintiff contends this "raises the obvious rebuttable presumption that Goodwater deleted the subject messages when he had the phone."  ECF No. 41 at 34, ¶ 111.  This allegation is inconsistent with Plaintiff's cited supporting evidence, in which Michael testified that "lots of people had a hand on [his] phone" between March 2018, when Michael provided the original message to Plaintiff's counsel, and June 2018 when Goodwater took pictures of the altered messages on Michael's phone.  ECF No. 40-27 at 11.

devices listed below, of Anthony J. Haworth … cellular telephones, desk top computers, tablet computers, digital cameras, media storage devices, and/or gaming devices." ECF No. 40-46.

On August 1, 2018, a search warrant was issued for Michael's phone. ECF No. 40-60.

On August 20, 2018, the trial court ruled that evidence seized or discovered from the execution of the July 2018 warrant was admissible at trial and suppressed evidence of statements Plaintiff made in response to evidence discovered in the unlawful April 10, 2017 search warrant and evidence and observations made by police concerning the hole in A.S.'s bedroom wall. ECF No. 20-7.

On November 15, 2018, Plaintiff filed a Motion for Discretionary Review with the Washington Court of Appeals, seeking review of the trial court's orders denying Plaintiff's motion to suppress the July 20, 2018 warrant, order denying Plaintiff's motion to quash the search warrant for Michael's phone, and order denying Plaintiff's third motion to dismiss for governmental misconduct. ECF No. 40-15.

On November 26, 2018, Walla Walla County filed a notice of its termination of its appointment as Special Deputy Prosecuting Attorney for Franklin County. ECF No. 40-11.

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

On December 18, 2018, upon the Franklin County Prosecuting Attorney's motion, the trial court ordered the case dismissed without prejudice.  ECF No. 40-12.

On December 19, 2018, the Adams County Office of Prosecuting Attorney was appointed as a special prosecutor in the case.  ECF No. 40-13.  On March 15, 2019, Adams County Prosecuting Attorney Randy Flyckt wrote a letter to Shawn Sant, Franklin County Prosecuting Attorney, recommending that the criminal case not be re-filed.  *Id.*

On April 16, 2019, the trial court ordered the case dismissed with prejudice.  ECF No. 20-8.  On April 25, 2019, the Court of Appeals entered a Certificate of Finality, granting Plaintiff's motion to voluntarily withdraw his appeal.  ECF No. 40-16.

## DISCUSSION

### A.  Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the

1  absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

2  317, 323 (1986). The burden then shifts to the non-moving party to identify

3  specific facts showing there is a genuine issue of material fact. *See Anderson v.*

4  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

5  of evidence in support of the plaintiff's position will be insufficient; there must be

6  evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

7      For purposes of summary judgment, a fact is "material" if it might affect the

8  outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. Further,

9  a material fact is "genuine" only where the evidence is such that a reasonable jury

10  could find in favor of the non-moving party. *Id.* Summary judgment will thus be

11  granted "against a party who fails to make a showing sufficient to establish the

12  existence of an element essential to that party's case, and on which that party will

13  bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In ruling on a

14  summary judgment motion, a court must construe the facts, as well as all rational

15  inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

16  *Harris*, 550 U.S. 372, 378 (2007).

17  **B. Collateral Estoppel**

18      Defendants move for summary judgment on the grounds that Plaintiff is

19  collaterally estopped from relitigating issues on which the trial court judge already

20  ruled. ECF No. 19 at 4-11.

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 13

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The purpose of collateral estoppel is to "prevent litigation of already determined causes, curtail multiplicity of actions, prevent harassment in the courts, inconvenience to the litigants, and judicial economy." *State v. Dupard*, 93 Wash. 2d 268, 272 (1980).  Application of collateral estoppel to a state court judgment in a federal civil rights action is governed by state law. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  Under Washington law, the doctrine may be applied in a civil action in which a party seeks to retry issues resolved in a previous criminal case.  *See Hanson v. City of Snohomish*, 121 Wash. 2d 552, 561 (1993).  The burden is on the party asserting collateral estoppel to show that:

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

*Thompson v. Dep't of Licensing*, 138 Wash. 2d 783, 790 (1999) (*citing Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wash. 2d 255, 262-63 (1998)).  The doctrine of collateral estoppel "is not to be applied with a 'hypertechnical'

1  approach but rather, 'with realism and rationality.'"  *State v. Harrison*, 148 Wash.

2  2d 550, 561 (2003) (*quoting Ashe v. Swenson*, 397 U.S. 436, 444 (1970)).

3     Plaintiff opposes the application of collateral estoppel, arguing that his

4  criminal case did not end in a final judgment on the merits and that collateral

5  estoppel would work an injustice.  ECF No. 38 at 6-18.  This Court finds no

6  Washington case law directly addressing the effect of collateral estoppel where a

7  party's interlocutory appeal of an issue has been rendered moot by a voluntary

8  dismissal of the underlying claims.  The Supreme Court of Washington has held

9  that a criminal conviction that is later overturned on appeal is sufficiently final to

10  constitute "conclusive" evidence of probable cause at an earlier stage in the

11  proceedings.  *Hanson*, 121 Wash. 2d at 560; *see also Fontana v. City of Auburn*,

12  No. C13-0245-JCC, 2014 WL 4162528, at *7 (W.D. Wash. Aug. 21, 2014), *aff'd*

13  *in part*, 679 F. App'x 613 (9th Cir. 2017) ("[A] probable cause determination made

14  at a preliminary hearing is sufficiently firm to satisfy the requirements of the 'final

15  judgment' collateral estoppel requirement.").  However, collateral estoppel is not

16  applied when a "conviction was obtained by fraud, perjury or other corrupt

17  means."  *Hanson*, 121 Wash. 2d at 560.

18     Here, Plaintiff generally contends that his state court proceedings were the

19  product of perjury and other alleged governmental misconduct.  Even if the trial

20  court's orders in Plaintiff's criminal case were sufficiently final to support the

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 15

1   application of collateral estoppel, the *Hanson* fraud exception would prohibit its

2   application here.  Plaintiff is not collaterally estopped from relitigating issues

3   previously decided in his criminal case.

4   **C.  Qualified Immunity**

5       Defendants move for summary judgment on Plaintiff's Section 1983 claim

6   against Goodwater and Bieber on the grounds that Goodwater and Bieber are

7   entitled to qualified immunity.  ECF No. 19 at 15-18.

8       Qualified immunity shields government actors from civil damages unless

9   their conduct violates "clearly established statutory or constitutional rights of

10  which a reasonable person would have known."  *Pearson v. Callahan,* 555 U.S.

11  223, 231 (2009).  In evaluating a state actor's assertion of qualified immunity, a

12  court must determine: (1) whether the facts, viewed in the light most favorable to

13  the plaintiff, show that the defendant's conduct violated a constitutional right; and

14  (2) whether the right was clearly established at the time of the alleged violation

15  such that a reasonable person in the defendant's position would have understood

16  that his actions violated that right.  *See Saucier v. Katz,* 533 U.S. 194, 201-02

17  (2001) (receded from in *Pearson,* 555 U.S. 223 (holding that while *Saucier's* two

18  step sequence for resolving government official's qualified immunity claims is

19  often appropriate, courts may exercise their sound discretion in deciding which of

20  the two prongs should be addressed first)).  If the answer to either inquiry is "no,"

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 16

1   then the defendant is entitled to qualified immunity and may not be held personally

2   liable for his or her conduct.  *Glenn v. Washington Cty.,* 673 F.3d 864, 870 (9th

3   Cir. 2011).

4        The second prong of the *Saucier* analysis must be "undertaken in light of the

5   specific context of the case, not as a broad general proposition."  *Mullenix v. Luna*,

6   136 S. Ct. 305, 308 (2015).  "Only when an officer's conduct violates a clearly

7   established constitutional right – when the officer should have known he was

8   violating the Constitution – does he forfeit qualified immunity."  *Lacey v.*

9   *Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012).

10        *1.   Goodwater: Failure to Investigate*

11        Plaintiff contends Goodwater violated his due process rights by generally

12   failing to investigate and collect exculpatory evidence.  ECF No. 38 at 20-29.

13        The Due Process Clause provides protection for "what might loosely be

14   called the area of constitutionally guaranteed access to evidence."  *Arizona v.*

15   *Youngblood*, 488 U.S. 51, 55 (1988) (quoting *United States v. Valenzuela-Bernal*,

16   458 U.S. 858, 867 (1982)).  "A police officer's failure to preserve or collect

17   potential exculpatory evidence does not violate the Due Process Clause unless the

18   officer acted in bad faith."  *Cunningham v. City of Wenatchee*, 345 F.3d 802, 812

19   (9th Cir. 2003) (citing *Youngblood*, 488 U.S. at 58); *see also Miller v. Vasquez*,

20   868 F.2d 116, 1120 (9th Cir. 1989) (good faith failure to collect potentially

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 17

exculpatory evidence does not violate due process). "The presence or absence of bad faith … turn[s] on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Cunningham*, 345 F.3d at 812 (quoting *Youngblood*, 488 U.S. at 58). Mere negligent or incomplete investigative work is insufficient. *Id.* Additionally, "mere allegations that [police officers] used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a [due process] claim under § 1983." *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001).

### a. Qualified Immunity: First Prong

Plaintiff identifies a series of alleged misconduct that he claims collectively show Goodwater's investigation was conducted in bad faith. ECF No. 38 at 22-28. In ruling on a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott*, 550 U.S. at 378. However, this does not relieve the non-moving party of its obligation to identify specific facts showing there is a genuine issue of material fact. *Anderson*, 477 U.S. at 256. Many of Plaintiff's assertions about Goodwater's investigatory conduct are unsupported by Plaintiff's citation to the evidence, are based on unreasonable inferences from the existing evidence, or are otherwise insufficient to support a finding of bad faith.

First, Plaintiff accuses Goodwater of destroying exculpatory evidence throughout his briefing.  Plaintiff argues Goodwater instructed A.S. to delete a comment she posted on a news article about the case, and "[a] short time later, A.S.'s laptop computer, cell phone, and journal – containing exculpatory evidence – all 'disappeared.'"  ECF No. 38 at 22.  This argument by innuendo, that Goodwater encouraged A.S. to destroy exculpatory evidence contained in her laptop, cellphone, and journal, has no basis in the evidence presented to the Court. Moreover, the evidence on which Plaintiff relies to demonstrate that Goodwater instructed A.S. to delete her online comment shows that A.S. had already deleted the comment at the time of Goodwater's request.  ECF No. 40-52.  Plaintiff has failed to demonstrate the existence of a genuine issue of fact as to Goodwater's alleged destruction of evidence.

Second, Plaintiff asserts that Goodwater engaged in misconduct when executing search warrants by "instruct[ing] officers to search for evidence (and in locations) not identified in the original warrant."  ECF No. 38 at 22.  The trial court expressly found that officers did not exceed the scope of the warrant "because all areas they searched were reasonably capable of holding the electronic evidence described in the warrant."  ECF No. 20-4 at 14.  As discussed *supra*, this ruling is not entitled to preclusive effect in the current proceeding.  However, even if Plaintiff's characterization is accepted as correct and Goodwater exceeded the

1  scope of the warrant, the trial court's affirmance of Goodwater's actions

2  undermines the argument that these actions were taken in bad faith.  *See*

3  *Cunningham*, 345 F.3d at 812.

4          Third, Plaintiff argues throughout that Goodwater intentionally ignored,

5  failed to document, or failed to believe different witness accounts, particularly

6  reports that A.S. was not credible or was sexually promiscuous.  ECF No. 38 at 22-

7  28.  There is no general due process right to have a criminal investigation carried

8  out in a particular way.  *Devereaux*, 263 F.3d at 1075.  Plaintiff's assertions that

9  Goodwater should have fully credited exculpatory witnesses states no claim for a

10  due process violation.  Moreover, whether or not A.S. was sexually promiscuous is

11  not relevant or admissible in this sort of prosecution.

12          Fourth, Plaintiff argues that when Michael Torrescano offered exculpatory

13  evidence, Goodwater "turned on Torrescano" by obtaining a search warrant for

14  Michael Torrescano's phone and causing the warrant to be wrongfully executed.

15  ECF No. 38 at 23-24.  Even accepting Plaintiff's characterizations of events as

16  true, Plaintiff fails to establish how alleged misconduct directed at Michael

17  Torrescano contributes to a violation of Plaintiff's due process rights.  *Id.*

18          Fifth, Plaintiff argues that Goodwater committed perjury throughout the

19  criminal proceedings.  ECF No. 38 at 27.  However, as was developed on the

20

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 20

1  record during oral argument, Plaintiff's accusations are not substantiated by the

2  specific evidence he cites in support of this accusation.

3      Viewed individually and looking at the totality of circumstances, Plaintiff

4  fails to offer sufficient evidence to demonstrate an outstanding issue of fact on

5  whether Goodwater's investigation was conducted in bad faith.  Because Plaintiff

6  has failed to show that Goodwater's conduct violated Plaintiff's due process right,

7  Goodwater is entitled to qualified immunity.

8          *b.  Qualified Immunity: Second Prong*

9      Even if Plaintiff could establish Goodwater's investigation was done in bad

10  faith and violated his right to due process, Goodwater would still be entitled to

11  qualified immunity under the second prong of the *Saucier* analysis.  "The relevant,

12  dispositive inquiry in determining whether a right is clearly established is whether

13  it would be clear to a reasonable officer that his conduct was unlawful in the

14  situation he confronted."  *Saucier*, 533 U.S. at 202.  As a general matter, the due

15  process protection in "constitutionally guaranteed access to evidence" was clearly

16  established at the time of the events in question.  *See Youngblood*, 488 U.S. at 55.

17  However, in the specific context of this case, Goodwater's conduct was reasonable.

18      Even when the evidence is construed in the light most favorable to Plaintiff,

19  Goodwater could not have understood that his actions violated Plaintiff's due

20  process rights.  *Saucier*, 533 U.S. at 201-02.  Over the course of the investigation,

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 21

the trial court repeatedly upheld Goodwater's investigation against Plaintiff's challenges based on the same alleged governmental misconduct that Plaintiff offers in support of his due process claim. *See* ECF No. 20-3 (finding sufficient evidence existed to convict Plaintiff of the criminal charges, even considering witness statements that A.S. was untrustworthy and that she may have made inconsistent statements); ECF No. 20-4 (finding the search warrant of Plaintiff's home was supported by probable cause and observations of the alleged peep hole were admissible); ECF No. 20-5 (finding no presence of witness tampering); ECF No. 20-6 (concluding that the warrants in the criminal case were supported by probable cause). Even assuming Plaintiff could establish that the totality of Goodwater's investigation was conducted in bad faith, Goodwater could still reasonably believe his conduct was lawful because the trial court repeatedly upheld the challenged conduct as the investigation continued. Indeed, the Ninth Circuit has declined to find bad faith and deny qualified immunity where the police officer "likely believed his tactics were lawful." *Cunningham*, 345 F.3d at 812. Because Plaintiff's claim fails both prongs of the *Saucier* qualified immunity test, Goodwater is entitled to summary judgment on Plaintiff's Section 1983 claim.

2. *Bieber: Ratification of Goodwater's Conduct*

Plaintiff contends Walla Walla Police Chief Bieber violated Plaintiff's due process rights because he "ratified Goodwater's unconstitutional conduct." ECF

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 22

No. 38 at 31.  "Liability under section 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for constitutional violations of his subordinate if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff makes no allegation, much less identifies evidence, of Bieber's personal participation in Goodwater's investigation.  ECF No. 38 at 31.  The only evidence of any action taken by Bieber in this case is that, after the criminal charges were dismissed, Bieber posted comments on social media about the case.  *Id.*  Based on this alone, Plaintiff concludes that Plaintiff's "version of the facts, bolstered by reasonable inferences" show that Bieber failed to intervene in Goodwater's purported violation of Plaintiff's due process rights.

Even if Plaintiff could establish Goodwater's investigation violated his due process rights, Plaintiff fails to establish any issue of fact showing Bieber's "personal participation" in the investigation.  *Taylor*, 880 F.2d at 1045.  Plaintiff's vague allusion to "reasonable inferences" to be drawn from the evidence fails to meet even adequate pleading standards, let alone satisfy his burden on summary judgment to identify specific facts showing there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 256; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff "must demonstrate 'more than a sheer possibility that a defendant has

1    acted unlawfully.'") (citation omitted).  Because Plaintiff has failed to show that

2    Bieber's conduct violated Plaintiff's due process right, Bieber is entitled to

3    qualified immunity.  Both Goodwater and Bieber are entitled to summary

4    judgment on Plaintiff's Section 1983 claim.

5    **D.  Section 1983: Municipal Liability**

6         Defendants move for summary judgment on Plaintiff's Section 1983 claim

7    against Defendant City of Walla Walla and Bieber in his official capacity.  ECF

8    No. 18 at 18-20.  "A suit against a governmental officer in his official capacity is

9    equivalent to a suit against the governmental entity itself."  *Larez v. City of Los*

10   *Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

11        "In order to set forth a claim against a municipality under 42 U.S.C. § 1983,

12   a plaintiff must show that the defendant's employees or agents acted through an

13   official custom, pattern or policy that permits indifference to, or violates, the

14   plaintiff's civil rights; or that the entity ratified the unlawful conduct."  *Shearer v.*

15   *Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing

16   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).  A plaintiff must

17   show that "through its *deliberate* conduct, the municipality was the 'moving force'

18   behind the injury alleged."  *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520

19   U.S. 397, 404 (1997) (emphasis in original).  Section 1983 liability cannot attach to

20   municipal inaction to correct a municipal employee's actions.  *Gillette v. Delmore*,

1    979 F.2d 1342, 1348 (9th Cir. 1992).  "To hold [municipalities] liable under

2    section 1983 whenever policymakers fail to overrule the unconstitutional

3    discretionary acts of subordinates would simply smuggle *respondeat superior*

4    liability into section 1983 law…." *Id.*

5        Plaintiff argues that Bieber is liable in his official capacity as Chief of Police

6    because Bieber acted as a "final policymaker" when he ratified Goodwater's

7    investigatory actions.  ECF No. 38 at 32-33.  However, as explained *supra*,

8    Plaintiff identifies no specific conduct attributable to Bieber in this case, aside

9    from a social media post Bieber wrote after the case was dismissed.  ECF No. 38 at

10   31.  Plaintiff also asserts that he "has plausibly alleged unlawful customs and

11   practices" implemented by the City.  ECF No. 38 at 33.  However, Plaintiff

12   identifies no specific evidence of these customs and practices in support of this

13   conclusion.  *Id.*  At most, Plaintiff's Statement of Disputed Facts contends that

14   Goodwater unlawfully concluded witness interviews with a *Smith* affidavit, which

15   Goodwater stated was done pursuant to department policy.  ECF No. 41 at 27, ¶

16   91.  However, Plaintiff develops no argument as to how or why Goodwater's use

17   of the *Smith* affidavit was unlawful or how it contributed to a deprivation of

18   Plaintiff's rights.

19       Plaintiff fails to establish any issue of fact that the City or Bieber engaged in

20   any deliberate conduct that was a "moving force" behind any alleged constitutional

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 25

injury Plaintiff suffered.  *Brown*, 520 U.S. at 404.  Defendants are entitled to summary judgment on Plaintiff's Section 1983 claim against the City of Walla Walla and Bieber in his official capacity.

### E.  Civil Rights Conspiracy

Defendants move for summary judgment on Plaintiff's conspiracy claim. ECF No. 19 at 20-21.  The Complaint alleges a cause of action for conspiracy under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

To establish a conspiracy claim under Section 1983, a plaintiff must show "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement."  *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010).  "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants."  *Crow v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (citation omitted).  However, to be liable, "each participant must at least share the common objective of the conspiracy."  *Id.*

To establish a conspiracy claim under Section 1985(3), a plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or

1    deprived of any right or privilege of a citizen of the United States." *Sever v.*

2    *Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  A Section 1985(3)

3    conspiracy claim must allege "invidiously discriminatory, racial or class-based

4    animus." *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).  Under

5    Ninth Circuit law, this requires that "either the courts have designated the class in

6    question as a suspect or quasi-suspect classification requiring more exacting

7    scrutiny or that Congress has indicated through legislation that the class required

8    special protection." *Sever*, 978 F.2d at 1536 (quoting *Schultz v. Sundberg*, 759

9    F.2d 714, 718 (9th Cir. 1985)).

10           As discussed *supra*, Plaintiff has failed to show any actual violation of his

11    constitutional rights.  Even if he could, his conspiracy allegations fail.  Plaintiff

12    argues Goodwater and Morales conspired to deprive him of his rights.  However,

13    even construing the evidence in the light most favorable to Plaintiff, Plaintiff fails

14    to show an express or implied agreement between Goodwater and Morales to

15    violate Plaintiff's rights.

16           First, Plaintiff identifies the January 4, 2018 and July 20, 2018 search

17    warrants for Plaintiff's property as evidence of a conspiracy.  ECF No. 38 at 34

18    (citing ECF No. 40 at 12-13, ¶ 46).  However, a review of Plaintiff's supporting

19    exhibits shows that the January 4, 2018 search warrant was requested by

20    Goodwater and documents no involvement by Morales.  ECF No. 40-43.  The July

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 27

20, 2018 search warrant is supported by affidavits from Detective Loney, who

reviewed Goodwater's report, and from Morales, but similarly documents no

interaction between Goodwater and Morales in the warrant application process.

That Goodwater and Morales worked on his criminal case and each provided

affidavits for different search warrants which were later suppressed fails to show or

even imply the meeting of the minds that Plaintiff alleges.

Second, Plaintiff identifies the disappearance of A.S.'s phone, laptop, and

journal as evidence of conspiracy.  ECF No. 38 at 34 (citing ECF No. 40 at 25-26,

¶ 61).  In support of this assertion, Plaintiff's counsel declares that Goodwater and

Morales "were aware [A.S.] had the journal, cell phone and laptop in her

possession at some point in the case … [and] did nothing to preserve the

evidence."  ECF No. 40 at 26, ¶ 61.  As above, this assertion by implication that

Goodwater and Morales conspired to destroy evidence is supported by no factual

evidence.

Third, Plaintiff identifies a series of actions taken to obtain, and later defend

in court, the search warrant issued for Michael Torrescano's phone.  ECF No. 38 at

34 (citing ECF No. 40 at 39-40, ¶ 108 and 41-45, ¶ 111-114).  Even taking these

allegations of events in the light most favorable to Plaintiff, Plaintiff fails to

articulate how a supposed conspiracy between Goodwater and Morales to obtain

1    and defend an illegal search warrant for Michael's property causes a violation of

2    Plaintiff's rights.

3    Overall, construing the evidence in the light most favorable to Plaintiff,

4    Plaintiff fails to demonstrate the existence of a genuine issue of fact material to his

5    conspiracy claim.  A party opposing summary judgment "may not rest upon the

6    mere allegations or denials of his pleading, but … must set for specific facts

7    showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.

8    Plaintiff's conclusory allegations of a conspiracy fail to meet this standard.

9    Defendants are entitled to summary judgment on Plaintiff's conspiracy claim.

10   **F.  Malicious Prosecution**

11   Defendants move for summary judgment on Plaintiff's malicious

12   prosecution claim.  ECF No. 19 at 24-25.  "Malicious prosecution claims are not

13   favored in law" for public policy reasons.  *Peasley v. Puget Sound Tug & Barge*

14   *Co.*, 13 Wash. 2d 485, 496-97 (1942).  To state a malicious prosecution claim

15   under Washington law, a plaintiff must show: "(1) that the prosecution claimed to

16   have been malicious was instituted or continued by the defendant; (2) that there

17   was want of probable cause for the institution or continuation of the prosecution;

18   (3) that the proceedings were instituted or continued through malice; (4) that the

19   proceedings terminated on the merits in favor of the plaintiff, or were abandoned;

20   and (5) that the plaintiff suffered injury or damages as a result of the prosecution."

1   *Hanson*, 121 Wash. 2d at 558.  "[P]robable cause is a complete defense to an

2   action for malicious prosecution." *Id.*

3        "Probable cause requires a showing that 'the facts and circumstances within

4   the arresting officer's knowledge and of which the officer has reasonably

5   trustworthy information are sufficient to warrant a person of reasonable caution in

6   a belief that an offense has been committed.'" *State v. Barron*, 170 Wash. App.

7   742, 750 (2012).  "A prima facie case of want of probable cause is established by

8   proof that the proceedings were dismissed in favor of the plaintiff, but that prima

9   facie proof may be rebutted by the defendant's evidence." *Youker v. Douglas Cty.*,

10  162 Wash. App. 448, 461 (2011).  Here, it is undisputed that A.S. reported the

11  alleged assault to Goodwater, that Goodwater obtained a search warrant based on

12  A.S.'s report, and that the search of Plaintiff's home revealed sexually explicit

13  pictures of A.S. that were attributable to a location on Plaintiff's iPhone.  Probable

14  cause is a low threshold.  Despite the other exculpatory evidence Plaintiff identifies

15  from over the course of the investigation, the undisputed facts show that

16  Defendants had probable cause to initiate and pursue criminal charges against

17  Plaintiff throughout the prosecution.  Because the existence of probable cause is a

18  complete defense to malicious prosecution, Defendants are entitled to summary

19  judgment on this claim.

20

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ~ 30

### G. Outrage

Defendants move for summary judgment on Plaintiff's outrage claim.  ECF No. 19 at 32-33.  "The elements of the tort of outrage are '(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress.'"  *Fondren v. Klickitat Cty.*, 79 Wash. App. 850, 861 (1995) (citation omitted).  "To be held liable for the tort of outrage, the defendants' conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Spurrell v. Bloch*, 40 Wash. App. 854, 862 (1985) (citation omitted).

"The question whether certain conduct is sufficiently outrageous is ordinarily a question for the trier of fact," but the court "must determine in the first instance that reasonable minds could differ on whether the conduct has been sufficiently extreme and outrageous to result in liability."  *Spurrell*, 40 Wash. App. at 862.  "In making this determination, the court must consider: (1) the position occupied by the defendants; (2) whether plaintiffs were particularly susceptible to emotional distress, and if defendant knew this fact; (3) whether defendants' conduct may have been privileged under the circumstances; (4) whether the degree of emotional distress caused by a party was severe as opposed to mere annoyance, inconvenience, or normal embarrassment; and (5) whether the actor was aware that

there was a high probability that his or her conduct would cause severe emotional distress and proceed in a conscious disregard of it." *Id.* at 862-63. "The lack of probable cause is not an element of [the tort of outrage], nor does probable cause establish a complete defense." *Fondren*, 79 Wash. App. at 862.

Defendants contend that Plaintiff cannot identify conduct rising to the extreme level to support a claim for outrage. ECF No. 19 at 33. Plaintiff responds that he has identified evidence of witness intimidation, soliciting the destruction of evidence, and unlawfully obtaining and executing search warrants. ECF No. 38 at 35-36. However, Plaintiff again overstates the evidence on which he relies.

Plaintiff's allegations of witness tampering are not supported by evidence. For example, Plaintiff alleges that Arrow Skaggs withheld employment opportunities from C.S. after C.S. gave negative information about A.S. to Goodwater, but then merely conjectures that this action was caused by A.S. manipulating the situation. ECF No. 40 at 6, ¶¶ 31. Plaintiff's conclusory assertion that "Goodwater did nothing about the alleged witness tampering – to the point that [] one might interpret his actions as encouraging the practice" is similarly unsupported by any factual evidence to indicate that Goodwater should have intervened in the dispute between Arrow and C.S.. ECF No. 40 at 7, ¶ 32. Elsewhere, Plaintiff alleges Goodwater threatened Mark Torrescano by telling him that his son, Michael Torrescano, could be charged with a crime despite there

being no basis to criminally charge Michael.  ECF No. 41 at 30, ¶ 98 (citing ECF No. 40 at 33-34, ¶ 84).  However, the evidence on which Plaintiff relies indicates Michael reasonably could have been charged with a crime.  ECF No. 41 at 31, ¶ 103.  Plaintiff's characterization of Goodwater's statement to Mark as a threat is not supported by even a reasonable inference from the evidence.  Plaintiff's other allegations regarding the destruction of evidence and search warrant misconduct have been addressed throughout this order.

Plaintiff fails to develop a genuine issue of fact as to whether the conduct at issue in this case is sufficiently extreme and outrageous as to support tort liability.  Defendants are entitled to summary judgment on Plaintiff's outrage claim.

### H.  Other Claims

Defendants move for summary judgment on Plaintiff's RICO, Washington constitutional due process, defamation/libel/false light, negligent infliction of emotional distress, and negligence claims.  ECF Nos. 21-23, 25-32, 33-37.  Plaintiff agrees to dismiss all five of these claims.  ECF No. 38 at 38.  Defendants are entitled to summary judgment on these claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  The City Defendants' Motion for Summary Judgment (ECF No. 19) is **GRANTED**.  All claims against Marcus Goodwater, Scott Bieber, and the City of Walla Walla are dismissed.

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 33

2.  The Clerk of Court shall adjust the docket accordingly.

3.  The Court's suspension of discovery entered at ECF No. 32 at 9, is

   **LIFTED**.  Discovery may proceed with the remaining parties.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and terminate Marcus Goodwater, Scott Bieber, and the City of Walla Walla as defendants in this matter.

**DATED** June 11, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING CITY OF WALLA WALLA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 34