UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>  Plaintiff,<br><br>v.<br><br>WALLA WALLA COUNTY, MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County, and JAMES NAGLE, individually and in his capacity as an employee of Walla Walla County,<br><br>  Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 65). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. In accordance with the procedures of this Court's Jury Trial Scheduling Order, ECF

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

1  No. 14 at 8, and for the reasons discussed below, Plaintiff's Motion for

2  Reconsideration (ECF No. 65) is DENIED.

## BACKGROUND

4  This case arises out of events occurring when Defendants investigated and

5  prosecuted Plaintiff for various sexual offenses in state criminal proceedings.

6  Plaintiff raises a series of § 1983 claims for alleged violations of his constitutional

7  rights and tort claims under state law.  ECF No. 1.  The extensive factual

8  background of this case is summarized in the Court's Order Granting Summary

9  Judgment.  ECF No. 58.

10  On March 19, 2020, Defendants City of Walla Walla, Marcus Goodwater,

11  and Scott Bieber (collectively, the "City Defendants") filed a motion for summary

12  judgment on all of Plaintiff's claims.  ECF No. 19.  On June 11, 2020, after a

13  hearing with oral argument, the Court granted summary judgment in favor of the

14  City Defendants and terminated them as defendants in this case.  ECF No. 58.  On

15  July 8, 2020, Plaintiff filed the instant Motion for Reconsideration of the Court's

16  summary judgment ruling.  ECF No. 65.

## DISCUSSION

18  Motions for reconsideration are generally disfavored.  "Reconsideration is

19  appropriate if the district court (1) is presented with newly discovered evidence, (2)

20  committed clear error or the initial decision was manifestly unjust, or (3) if there is

1 an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

Plaintiff's primary contention is that the Court erred by failing to consider the summary judgment record in the light most favorable to Plaintiff. ECF No. 65 at 3-13. Plaintiff's other legal arguments stem from a reliance on Plaintiff's alternate characterization of the facts. ECF No. 65 at 13-21. In ruling on a summary judgment motion, a court must construe the facts, as well as all *rational* inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). As the Court explained in detail at oral argument and in its written Order, Plaintiff's characterization of the facts is not reasonably based in the record. *See, e.g.*, ECF No. 58 at 18-21, 27-29, 32-33. Instead, Plaintiff's portrayal of the facts relies heavily on innuendo and mischaracterization of the evidence presented. *Id.* Indeed, Plaintiff continues to level baseless accusations by asserting in counsel's instant supporting declaration that Defendant Goodwater attempted to "intimidate" Plaintiff's counsel merely because Goodwater sat facing counsel during an interview. ECF No. 66 at 3, ¶ 5.

The Court hereby warns Plaintiff's counsel that continued unsubstantiated factual claims may result in Rule 11 sanctions.

The Court was not, as Plaintiff suggests, confused by the filing format citation errors in Plaintiff's supporting evidence in the summary judgment record. ECF No. 65 at 4.  The Court reviewed the voluminous factual record in full and consistently cited to the ECF system's document and page numbering in its Order. ECF No. 58.  And although Plaintiff now argues that Plaintiff's *Monell* claim should not have been dismissed without allowing Plaintiff to conduct discovery, it was Plaintiff who failed to avail himself of his opportunity to conduct discovery under Fed. R. Civ. P. 56(d).  *See* ECF No. 58 at 2-3.  Plaintiff fails to show legal error or manifest injustice in the Court's prior Order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 65) is DENIED.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 9, 2020.



THOMAS O. RICE
Chief United States District Judge