UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>    Plaintiff,<br><br>    v.<br><br>WALLA WALLA COUNTY, MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County, and JAMES NAGLE, individually and in his capacity as an employee of Walla Walla County,<br><br>    Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND QUASHING SUBPOENAS |

BEFORE THE COURT is Marcus Goodwater and Kathy Loney's Motion for Protective Order and Motion to Quash Subpoenas (ECF No. 62). This matter was heard with telephonic oral argument on July 23, 2020. William A. Gilbert appeared on behalf of Plaintiff. Paul J. Triesch appeared on behalf of the third-party witnesses Detective Goodwater and Walla Walla police detective Kathy

ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND QUASHING SUBPOENAS ~ 1

1  Loney. Heather C. Yakely appeared on behalf of the County of Walla Walla

2  Defendants. The Court has reviewed the record and files herein, heard oral

3  argument and is fully informed. For the reasons discussed below, Goodwater and

4  Loney's Motion for Protective Order and Motion to Quash Subpoenas (ECF No.

5  62) is granted.

## BACKGROUND

7  This case arises out of events occurring when Defendants, from both the

8  City and County of Walla Walla, investigated and prosecuted Plaintiff for various

9  sexual offenses in state criminal proceedings. Plaintiff raises a series of Section

10 1983 claims for alleged violations of his constitutional rights and tort claims under

11 state law. ECF No. 1. On March 19, 2020, Defendants City of Walla Walla,

12 Marcus Goodwater, and Scott Bieber ("the City Defendants") moved for summary

13 judgment on all of Plaintiff's claims. ECF No. 19. The remaining County

14 Defendants did not participate in the summary judgment motion. On June 11,

15 2020, the Court granted the City Defendants' summary judgment motion,

16 dismissed all claims against the City Defendants, and terminated the City of Walla

17 Walla, Marcus Goodwater, and Scott Bieber as defendants in this case. ECF No.

18 58. Shortly thereafter, Plaintiff issued subpoenas for deposition testimony and

19 documents from Marcus Goodwater and Kathy Loney. ECF No. 62 at 3. On June

20

22, 2020, Goodwater and Loney filed the instant Motion for Protective Order and to Quash Subpoenas. ECF No. 62.

## DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). It must also be remembered that these rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The parties dispute whether the Court's prior grant of qualified immunity to Goodwater extends to subsequent discovery requested from Goodwater as a non-party witness. Regardless of the qualified immunity issue, Plaintiff's subpoenas seek extensive discovery on issues that are no longer relevant or proportional to the needs of the case. ECF No. 63-1; Fed. R. Civ. P. 26(b)(1). Plaintiff argues that the requested discovery is necessary to explore issues such as Loney and Goodwater's

1    alleged false testimony, misrepresentations in search warrant applications, and
2    misconduct surrounding the search of Michael Torrescano's phone.  ECF No. 64 at
3    3-6.  However, the Court has already ruled on several of these issues, including
4    finding Plaintiff could not substantiate his allegations that Goodwater gave false
5    testimony, that probable cause existed as a matter of law to initiate and pursue
6    criminal charges against Plaintiff, and that alleged misconduct surrounding the
7    search of Michael Torrescano's phone was not relevant to the alleged violation of
8    Plaintiff's rights.  ECF No. 58.  Plaintiff's current attempt to seek discovery on
9    these subjects is neither relevant nor proportional to the needs of the case.
10        Moreover, the current discovery requests are unduly burdensome.  Fed. R.
11   Civ. P. 26(b)(1).  Plaintiff's requests that Goodwater and Loney provide all
12   documents related to Plaintiff's criminal prosecution are likely duplicative of the
13   discovery Plaintiff already received during the criminal proceedings, and thus the
14   burden of the current subpoenas outweigh their benefit.  Similarly, Plaintiff has
15   already had the opportunity to cross-examine Goodwater about the criminal
16   proceedings on several occasions.
17        Plaintiff has failed to show that his proposed discovery requests are relevant
18   and material to the remaining issues before the Court.
19   //
20

ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND
QUASHING SUBPOENAS ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Goodwater and Loney's Motion for Protective Order and to Quash Subpoena (**ECF No. 62**) is **GRANTED**.

2. Plaintiff's subpoenas of Goodwater and Loney are **QUASHED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 23, 2020.



THOMAS O. RICE
Chief United States District Judge