UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WALLA WALLA COUNTY, MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County, and JAMES NAGLE, individually and in his capacity as an employee of Walla Walla County,<br><br>　　　　　　　　Defendant. | NO. 4:19-CV-5254-TOR<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND QUASHING SUBPOENAS |

BEFORE THE COURT is Marcus Goodwater and Kathy Loney's Motion for Protective Order and Motion to Quash Subpoenas (ECF No. 80). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the

ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND QUASHING SUBPOENAS ~ 1

reasons discussed below, Goodwater and Loney's Motion for Protective Order and Motion to Quash Subpoenas (ECF No. 80) is granted.

## BACKGROUND

This case arises out of events occurring when Defendants, from both the City and County of Walla Walla, investigated and prosecuted Plaintiff for various sexual offenses in state criminal proceedings. Plaintiff raises a series of Section 1983 claims for alleged violations of his constitutional rights and tort claims under state law. ECF No. 1. On March 19, 2020, Defendants City of Walla Walla, Marcus Goodwater, and Scott Bieber ("the City Defendants") moved for summary judgment on all of Plaintiff's claims. ECF No. 19. The remaining County Defendants did not participate in the summary judgment motion. On June 11, 2020, the Court granted the City Defendants' summary judgment motion, dismissed all claims against the City Defendants, and terminated the City of Walla Walla, Marcus Goodwater, and Scott Bieber as defendants in the case. ECF No. 58.

Shortly thereafter, Plaintiff issued subpoenas for deposition testimony and documents from Marcus Goodwater and Kathy Loney. ECF No. 62 at 3. On June 22, 2020, Goodwater and Loney filed their first Motion for Protective Order and to Quash Subpoenas. ECF No. 62. On July 23, 2020, after hearing the matter with oral argument, the Court granted Goodwater and Loney's motion and quashed the

subpoenas. ECF No. 79. On the same day of the Court's ruling, Plaintiff reissued subpoenas to Goodwater and Loney, this time seeking only deposition testimony. ECF No. 81-1. Goodwater and Loney then filed the instant second Motion for Protective Order and to Quash Subpoenas. ECF No. 80.

## DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). It must also be remembered that these rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiff contends his new subpoenas comply with the Court's prior protective order by removing the demand for documents from the subpoenas. ECF No. 82 at 2, 7. Plaintiff's argument mischaracterizes and cherry-picks from the Court's protective order. As previously explained, Plaintiff's subpoenas were

1  quashed because the information Plaintiff seeks from Goodwater and Loney is not
2  relevant or proportional to the needs of the case. ECF No. 79. Contrary to
3  Plaintiff's characterization, Plaintiff is not completely barred from deposing
4  Goodwater and Loney. ECF No. 82 at 5-7. Plaintiff could seek discovery from
5  these witnesses if the discovery sought were relevant and proportional to the needs
6  of the case. As has now been explained repeatedly, however, the Court has already
7  ruled that Plaintiff could not identify testimony from the criminal proceedings to
8  support the allegation that Goodwater gave false testimony during those
9  proceedings, that probable cause existed as a matter of law to initiate and pursue
10 criminal charges against Plaintiff, and that alleged misconduct surrounding the
11 search of Michael Torrescano's phone was not relevant to the alleged violation of
12 Plaintiff's rights. ECF Nos. 58, 71, 79. Plaintiff's disagreement with this outcome
13 does not make the Court's prior rulings any less binding. Because these matters
14 have already been resolved, Plaintiff's attempt to obtain information on these
15 topics from Goodwater and Loney are outside the scope of discovery. Fed. R. Civ.
16 P. 26(b)(1).

17       Goodwater and Loney seek attorney's fees related to the present motion
18 pursuant to Fed. R. Civ. P. 37. ECF No. 80 at 6. In light of the Court's entry of
19 the prior protective order, Plaintiff's opposition to the present motion was not
20 substantially justified. Goodwater and Loney are therefore entitled to an award of

attorney's fees incurred in making the present motion.  Fed. R. Civ. P. 26(c)(3), 37(a)(5).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Goodwater and Loney's Motion for Protective Order and to Quash Subpoena (**ECF No. 80**) is **GRANTED**.

2. Plaintiff's subpoenas of Goodwater and Loney are **QUASHED**.

3. Goodwater and Loney are instructed to submit a substantiation of fees within fourteen (14) days of the date of this Order.  The timing of a response and reply are governed by LCivR 7.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** August 11, 2020.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND QUASHING SUBPOENAS ~ 5