UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| ANTHONY HAWORTH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WALLA WALLA COUNTY, MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County, and JAMES NAGLE, individually and in his capacity as an employee of Walla Walla County,<br><br>　　　　　　　Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER PARTIALLY GRANTING WALLA WALLA COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
|---|---|

BEFORE THE COURT is the County Defendants' Motion for Judgment on the Pleadings (ECF No. 61). This matter was submitted for consideration without oral argument. Plaintiff's uncompleted request for oral argument is denied pursuant to LCivR 7(i)(3). The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below,

Defendants' Motion for Judgment on the Pleadings (ECF No. 61) is GRANTED in part.

**BACKGROUND**

This case arises out of events occurring when Defendants investigated and prosecuted Plaintiff for various sexual offenses in state criminal proceedings. The extensive factual background is summarized in the Court's prior Order Granting the City of Walla Walla Defendants' Motion for Summary Judgment. ECF No. 58. In short, Plaintiff was investigated and prosecuted by Defendants from both the City and County of Walla Walla for alleged sex crimes against Plaintiff's then-minor stepdaughter, which ultimately resulted in a voluntary dismissal of the charges. *Id.* The Complaint raises ten distinct causes of action, but Plaintiff has since voluntarily dismissed all but two Section 1983 claims and a malicious prosecution claim. ECF No. 38 at 38; ECF No. 60 at 2.

Plaintiff filed his civil complaint in federal court on November 4, 2019. ECF No. 1. Defendants Marcus Goodwater, Scott Bieber, and the City of Walla Walla (together, the "City Defendants") filed an Answer on January 3, 2020. Defendants Michelle Morales, James Nagle, and Walla Walla County (together, the "County Defendants") filed an Answer on January 27, 2020. On March 19, 2020, the City Defendants filed a motion for summary judgment on all claims against the City Defendants. ECF No. 19. On March 30, 2020, the Court entered a

protective order staying discovery pending resolution of several legal issues raised by the summary judgment motion, including collateral estoppel and qualified immunity, but inviting Plaintiff to seek specific discovery to oppose summary judgment pursuant to Fed. R. Civ. P. 56(d).  ECF No. 32.  On June 11, 2020, after Plaintiff failed to avail himself of the opportunity to conduct discovery under Rule 56(d), the Court granted the City Defendants' summary judgment motion and dismissed Marcus Goodwater, Scott Bieber, and the City of Walla Walla as defendants in the civil case.  ECF No. 58.  The County Defendants attended the hearing but did not participate in the summary judgment motion.  On June 22, 2020, the County Defendants filed the instant Motion for Judgment on the Pleadings.  ECF No. 61.  The County Defendants seek complete dismissal of Defendants Michelle Morales and Jim Nagle, as well as dismissal of Plaintiff's First and Fifth claims alleging violations of 42 U.S.C. § 1983 and malicious prosecution, respectively.  *Id.* at 10.

## DISCUSSION

### A. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming*

1  *v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

The County Defendants' present Rule 12 motion is in the unusual procedural posture of following a summary judgment ruling. Under the Rule 12 standard, the Court must accept the factual allegations in the Complaint as true and construe them in the light most favorable to Plaintiff as the non-moving party. *Fleming*, 581 F.3d at 925. However, under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Here, where an allegation in Plaintiff's Complaint is inconsistent with an issue of fact that was determined to be undisputed on summary judgment, or where

ORDER PARTIALLY GRANTING WALLA WALLA COUNTY
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 4

1  an issue was resolved as a matter of law on summary judgment, the Court declines
2  to reconsider its prior findings for the purposes of the present motion under the law
3  of the case doctrine. *Alexander*, 106 F.3d at 876.

4  **B. Prosecutorial Immunity**

5  Plaintiff's Complaint raises an individual Section 1983 claim against
6  Defendant Morales for actions taken in her role as an Assistant Prosecuting
7  Attorney during the criminal case against Plaintiff. *See generally* ECF No. 1.
8  Defendants contend Morales is immune from suit and liability on Plaintiff's
9  Section 1983 claims under the doctrine of absolute prosecutorial immunity. ECF
10 No. 61 at 4-7.

11 "State prosecutors are absolutely immune from § 1983 actions when
12 performing functions 'intimately associated with the judicial phase of the criminal
13 process.'" *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016)
14 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Functions for which
15 absolute prosecutorial immunity have been granted include the lawyerly functions
16 of organizing and analyzing the evidence and law, and then presenting evidence
17 and analysis to the courts and grand juries on behalf of the government; they also
18 include internal decisions and processes that determine how those functions will be
19 carried out." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 913 (9th Cir. 2012). As the
20 *Lacey* court explained:

> Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body; they are not necessarily immune for actions taken outside this process, including actions logically – though not necessarily temporally – prior to advocacy, such as those 'normally performed by a detective or police officer,' like gathering evidence… and those separate from the process, like providing legal advice to the police.

*Id.* at 912 (internal citations omitted).

"[A]bsolute immunity is an extreme remedy, and it is justified only where 'any lesser degree of immunity could impair the judicial process itself.'" *Id.* (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). "Immunity attaches to 'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* at 912 (quoting *Kalina*, 522 U.S. at 127). This functional approach means that some of a prosecutor's actions may be entitled to absolute immunity, while other actions taken in the course of the same investigation may not be entitled to absolute immunity, even if "all of plaintiffs' claims are predicated on the same constitutional violation." *Torres v. Goddard*, 793 F.3d 1046, 1056 (9th Cir. 2015).

Defendants argue generally that all of Morales' actions alleged in the Complaint were taken in furtherance of an existing prosecution and are therefore covered by absolute immunity. ECF No. 61 at 4-7. In response, Plaintiff identifies a series of actions taken by Morales that Plaintiff argues are not covered by prosecutorial immunity. ECF No. 84 at 6-10. Several of these allegations concern Morales' alleged wrongdoing when applying for search warrants and in

ORDER PARTIALLY GRANTING WALLA WALLA COUNTY
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 6

1 interviewing or not interviewing potential witnesses.  *Id.*  "A prosecutor gathering
2 evidence is more likely to be performing a quasi-judicial advocacy function when
3 the prosecutor is 'organiz[ing], evaluat[ing], and marshaling [that] evidence' in
4 preparation for a pending trial, in contrast to the police-like activity of '*acquiring*
5 evidence which might be used in a prosecution.'"  *Genzler v. Longanbach*, 410
6 F.3d 630, 639 (9th Cir. 2005) (quoting *Barbera v. Smith*, 836 F.2d 96, 100 (2d Cir.
7 1987)) (brackets and emphasis in original).  Moreover, a prosecutor's review of a
8 search warrant seeking evidence to prosecute existing criminal charges is an act
9 that is protected by prosecutorial immunity, because "[e]nsuring that evidence
10 recovered pursuant to a post-indictment search warrant will be admissible at trial is
11 no less the function of an advocate than deciding what evidence will be presented
12 at trial."  *KRL v. Moore*, 384 F.3d 1105, 1112 (9th Cir. 2004).  Even accepting the
13 factual allegations in the Complaint as true, Plaintiff alleges Morales only became
14 involved in the criminal prosecution after charges were filed based on Detective
15 Goodwater's recommendation.  ECF No. 1 at 24-26, ¶¶ 4.71-4.79.  Morales'
16 actions of evaluating witness testimony, personally crediting certain testimony
17 over other evidence, and seeking search warrants in support of an existing
18 prosecution were the type of evidence gathering that a prosecutor undertakes in
19 preparation for a pending trial, rather than the "police-like activity" of gathering
20 evidence prior to prosecution.  *Genzler*, 410 F.3d at 639; *see also Kemery v.*

ORDER PARTIALLY GRANTING WALLA WALLA COUNTY
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 7

*Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) ("[C]onferring with potential witnesses regarding their knowledge of underlying events is plainly part of a prosecutor's preparation of his case."). Similarly, Morales' actions in reviewing and giving advice regarding the search warrants submitted after the criminal Information was filed are covered by absolute immunity. *KRL*, 384 F.3d at 1112.

Plaintiff otherwise alleges that Morales maintained the prosecution of Plaintiff with insufficient probable cause, that Morales made intentional misrepresentations in court proceedings, that Morales intentionally withheld evidence, that Morales ignored exculpatory evidence, and that Morales maintained the prosecution of Plaintiff out of personal bias.[1] ECF No. 84 at 9-10. Accepting the factual allegations in the Complaint as true, the conduct alleged is the type that, as a matter of law, is protected by absolute prosecutorial immunity. *Burns v. Reed*, 500 U.S. 478, 489-90 (1991) (prosecutors are absolutely immune from damages

---

[1] Plaintiff also argues that Morales directed "a police officer to have a victim/witness delete or destroy evidence." ECF No. 84 at 9. However, the Complaint only levels this charge against Detective Goodwater, and this Court previously granted summary judgment for Goodwater on this claim after Plaintiff failed to demonstrate the existence of a genuine issue of fact regarding this allegation. ECF No. 1 at 27, ¶ 4.83; ECF No. 58 at 19.

ORDER PARTIALLY GRANTING WALLA WALLA COUNTY
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 8

liability for making false statements in judicial proceedings); *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution"). Even under the deferential Rule 12 standard, Morales is generally entitled to prosecutorial immunity against the claims Plaintiff raises.

The only exception to this finding is Plaintiff's contention that Morales shed her prosecutorial immunity by personally swearing a declaration in support of the July 20, 2018 search warrant. ECF No. 84 at 7; *see* ECF No. 1 at 36, ¶ 4.117. A prosecutor who "personally swear[s] to the facts contained in her certification" supporting a motion is not protected by prosecutorial immunity. *Milstein*, 257 F.3d at 1012. When a prosecutor's declaration "states particular facts under penalty of perjury, [that makes] her more akin to a witness than a prosecutor in this function." *Garmon*, 828 F.3d at 845. The Complaint alleges Morales provided "direct supervision" to Detective Loney in applying for the search warrant, and that Morales "sign[ed] a declaration vouching for the process, facts, and validity of the search warrant affidavit." ECF No. 1 at 35-36, ¶¶ 4.116-4.117. Accepting these allegations as true, Morales' actions in supervising the warrant application process are protected by prosecutorial immunity, but her declaration affirming the facts of the case were the function of a witness rather than an advocate. *KRL*, 384 F.3d at 1112; *Garmon*, 828 F.3d at 845. Morales is therefore entitled to absolute

prosecutorial immunity against Plaintiff's Section 1983 claims, with the limited exception of the allegation that Morales violated Plaintiff's rights through her actions of personally affirming the facts of the case in support of the July 20, 2018 search warrant application. Because Morales is not absolutely immune from suit on this limited issue, she is not dismissed as a defendant in this matter.

**C. Supervisory Prosecutorial Immunity**

Defendants contend that, as the elected prosecuting attorney for Walla Walla County, Defendant Nagle is similarly immune from suit and liability on Plaintiff's Section 1983 claims. ECF No. 61 at 4-7. "An attorney supervising a trial prosecutor who is absolutely immune is also absolutely immune … [as] are prosecutors who conducted '*general* office supervision or office training.'" *Garmon*, 828 F.3d at 845 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 345-48 (2009)). The parties agree that Nagle is immune from suit to the same extent that Morales is immune. ECF No. 61 at 6; ECF No. 84 at 11. Thus, Nagle's supervisory acts, including court appearances and signing the charging Information, are covered by absolute prosecutorial immunity. *Garmon*, 828 F.3d at 845; *see also Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999).

Because Nagle's immunity extends to the same degree as Morales's immunity, it would follow that Nagle is similarly not absolutely immune from a Section 1983 claim regarding Morales' sworn affidavit in support of the July 20,

ORDER PARTIALLY GRANTING WALLA WALLA COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 10

2018 search warrant.  However, the Complaint does not allege Nagle had knowledge of or participated in this conduct.  ECF No. 1 at 35-36, ¶¶ 4.115-4.118; *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution.").  Because Plaintiff has not stated a claim against Nagle for his involvement with the July 2018 warrant application, this claim does not provide reason to deny absolute prosecutorial immunity to Nagle.  Nagle is thus absolutely immune from Plaintiff's Section 1983 claim and should be dismissed as a defendant in this matter.

**D.  Equal Protection Claim**

Defendants contend Plaintiff's equal protection theory for his Section 1983 claim fails to state a claim for class-based discrimination.  ECF No. 61 at 7-8.  Plaintiff failed to respond to this issue in his opposition to Defendants' motion.  ECF No. 84.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Courts have also recognized "successful equal

ORDER PARTIALLY GRANTING WALLA WALLA COUNTY
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ~ 11

protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Here, the Complaint does not allege Plaintiff's membership in a protected class, and it does not articulate how Plaintiff has been intentionally treated differently from others who are similarly situated.  ECF No. 1.  Indeed, this argument would seemingly be inconsistent with allegations in the Complaint that Defendants' wrongdoing was done pursuant to local policy.  *See* ECF No. 1 at 60-64, ¶¶ 4.191-4.193.  Because the Complaint fails to articulate an equal protection claim, Defendants are entitled to judgment on this issue.

### E.  Malicious Prosecution

Defendants contend Plaintiff's malicious prosecution claim fails as a matter of law in light of the criminal trial court's prior probable cause determinations.  ECF No. 61 at 8-10.  Defendants' argument mischaracterizes Plaintiff's malicious prosecution claim as a theory of a Section 1983 claim rather than the independent state law tort claim that is raised in the Complaint, and Defendants rely on collateral estoppel arguments that this Court previously rejected in the City Defendants' summary judgment motion.  ECF No. 58 at 13-16.  However, Defendants do correctly note that under Washington law, probable cause is a complete defense to a malicious prosecution claim.  *Hanson v. City of Snohomish*,

121 Wash. 2d 552, 558 (1993). Moreover, this Court already determined in the summary judgment proceedings with the City Defendants that probable cause existed to initiate and pursue criminal charges against Plaintiff throughout the criminal prosecution. ECF No. 58 at 30. Under the law of the case doctrine, this finding applies with equal force to the present motion. Because probable cause existed to pursue criminal charges against Plaintiff, the County Defendants are entitled to judgment as a matter of law on this claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Judgment on the Pleadings (ECF No. 61) is GRANTED in part.

2. Plaintiff's claim for malicious prosecution is dismissed.

3. All claims against Michelle Morales, except the 42 U.S.C. § 1983 claim arising from the allegations at ECF No. 1 at 36, ¶ 4.117, are dismissed.

4. All claims against James Nagle are dismissed.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and terminate James Nagle as a defendant in this matter.

**DATED** August 20, 2020.



THOMAS O. RICE
United States District Judge