UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>      Plaintiff,<br><br>  v.<br><br>WALLA WALLA COUNTY and MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County,<br><br>      Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 90). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 90) is **DENIED**.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

## BACKGROUND

This case arises out of events occurring when Defendants investigated and prosecuted Plaintiff for various sexual offenses in state criminal proceedings. The extensive factual background is summarized in the Court's prior Order Granting Summary Judgment. ECF No. 58.

On June 22, 2020, Marcus Goodwater and Kathy Loney filed their first Motion for Protective Order and to Quash Subpoenas based on Plaintiff's subpoenas for deposition testimony and documents. ECF No. 62 at 3. On July 23, 2020, after hearing the matter with oral argument, the Court granted the motion and quashed the subpoenas. ECF No. 79. On the same day of the Court's ruling, Plaintiff reissued subpoenas to Goodwater and Loney, this time seeking only deposition testimony. ECF No. 81-1. Goodwater and Loney then filed a second Motion for Protective Order and to Quash Subpoenas. ECF No. 80. On August 11, 2020, the Court granted this second motion and again quashed the subpoenas for deposition testimony. ECF No. 85.

On August 11, 2020, the Court partially granted Walla Walla County Defendants' Motion for Judgment on the Pleadings. ECF No. 88. As a result of the Order, only two Defendants remain: Walla Walla County and Michelle Morales. ECF No. 88. The surviving claims also narrowed to two Section 1983 claims as to (1) Defendant Walla Walla County's policies, practices, and customs

and (2) Defendant Morales' swearing a declaration in support of a search warrant application. ECF Nos. 88 at 10, 90 at 9.

Plaintiff filed the instant Motion for Reconsideration of the Court's Order granting Goodwater and Loney's second Motion for Protective Order, which quashed their subpoenas. ECF No. 90. According to the Jury Trial Scheduling Order, ECF No. 14 at 8, the Court did not seek a response from the Defendants.

## DISCUSSION

Motions for reconsideration are generally disfavored. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

Nothing in Plaintiff's motion for reconsideration persuades the Court that it committed clear error or a manifest injustice. Plaintiff's primary contention is that Goodwater and Loney's depositions are necessary to the remaining claims that survived the Court's Order Partially Granting Walla Walla County Defendants' Motion for Judgment on the Pleadings. ECF No. 90 at 5-8. The claims in this

1  case have significantly narrowed, making Goodwater and Loney's depositions less,

2  not more relevant.  The remaining claims are two Section 1983 claims as to (1)

3  Defendant Walla Walla County's policies, practices, and customs and (2)

4  Defendant Morales' swearing a declaration in a search warrant application.  ECF

5  No. 90 at 9.  The Court continues to find that the information sought in the

6  depositions are overly broad and not proportional to the needs of this case.  Fed. R.

7  Civ. P. 26(b)(1).  For example, Plaintiff has not shown that he would be unable to

8  uncover the same desired information by questioning the named Defendants.  *See*

9  *Moore v. Lowe's Home Centers, LLC*, No-14-1459 RJB, 2016 WL 687111, at *5

10 (W.D. Wash. Feb. 19, 2016).  As such, the Court continues to find Plaintiff's

11 request unduly burdensome, especially where Plaintiff has already had the

12 opportunity to cross-examine Goodwater about the criminal proceedings on several

13 occasions. ECF No. 79 at 4.

14    Plaintiff's contention that "the Court does not specifically clarify what its

15 position is in regard to allowable breadth of the depositions" is not well taken.

16 ECF No. 90 at 10.  Moreover, Plaintiff's contention that the two officers "may be

17 the **ONLY** source of this information" is inaccurate.  ECF No. 90 at 4.  As stated at

18 the telephonic hearing on July 23, 2020, the Court now reiterates that the way to

19 develop this case is to depose the remaining defendants and apply all the discovery

20 – including over 3,000 pages of evidence already available – to formulate a theory

of the case. Plaintiff can depose the two remaining defendants, Walla Walla County and Michelle Morales, on precisely the issues he seeks from non-parties Goodwater and Loney, including information related to Walla Walla County's policies, practices, and customs, and Morales's personal swearing to a declaration in support of the search warrant application.

Finally, Plaintiff contends that fees were not warranted because his reissuance of the subpoenas was in good faith. ECF No. 90 at 3. However, as the Court found that Plaintiff's opposition to the second protective order was not substantially justified considering the Court's entry of the first protective order, attorney's fees were appropriate as reasonable expenses. ECF No. 85 at 4-5 (citing Fed. R. Civ. P. 26(c)(3), 37(a)(5)).

Therefore, Plaintiff fails to show any clear error or manifest injustice in the Court's prior Order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 90) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** September 24, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5