1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>      Plaintiff,<br><br>  v.<br><br>WALLA WALLA COUNTY and<br>MICHELLE MORALES,<br>individually and in her capacity as an<br>employee of Walla Walla County,<br><br>      Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT AND MOTION TO<br>EXPEDITE AND GRANTING IN<br>PART DEFENDANTS' MOTION TO<br>STRIKE |

14

15

16

17

18

19

20

  BEFORE THE COURT are Defendants' Motion for Summary Judgment (ECF No. 113), Defendants' Motion to Strike the Expert Report of John W. Ladenburg Sr. and Declaration of David A. Snider (ECF No. 130), and Defendants' Motion to Expedite the Hearing on Defendants' Motion to Strike (ECF No. 131). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 1

1   Judgment (ECF No. 113) is **GRANTED**, Defendants' Motion to Strike the Expert

2   Report of John W. Ladenburg Sr. and Declaration of David A. Snider (ECF No.

3   130) is **GRANTED in part**, and Defendants' Motion to Expedite the Hearing on

4   Defendants' Motion to Strike (ECF No. 131) is **GRANTED**.

5                                   **BACKGROUND**

6       **A.  Factual Background**

7       This case arises out of events occurring when Defendants investigated and

8   prosecuted Plaintiff for various sexual offenses in state criminal proceedings.  The

9   extensive factual background is summarized in the Court's prior Order Granting

10  City of Walla Walla Defendant's Summary Judgment.  ECF No. 58.  The Court

11  will reiterate and present the facts as relevant to the present motion.  ECF Nos.

12  114, 121.  Except where noted, the following facts are not in dispute.

13      Plaintiff Anthony Haworth is a current Pasco Police Officer and a former

14  Franklin County Deputy Sheriff.  ECF No. 114 at 2, ¶ 1.  In March 2017,

15  Plaintiff's then-wife contacted Benton and Franklin County Support, Advocacy,

16  Resource Center to report that Plaintiff raped her daughter, Plaintiff's then-step

17  daughter, A.S., when she was a minor.  ECF No. 114 at 2, ¶ 2.  Due to a conflict of

18  interest arising from Plaintiff's employment with Franklin County at the time,

19  Franklin County referred the case to Defendant Walla Walla County.  ECF No. 114

20  at 2, ¶ 3.  The Walla Walla County Prosecutor's Office contacted the Walla Walla

Police Department regarding the referral and Detective Marcus Goodwater was assigned to the case.  ECF No. 114 at 2, ¶ 4.

On March 27, 2017, Det. Goodwater interviewed A.S.  ECF No. 114 at 2, ¶ 5.  First, A.S. reported Plaintiff had touched the inside of her vagina from when she was age 14 until she was age 19, and that Plaintiff had nonconsensual sexual intercourse with her when she was 16 or 17 years old.  ECF No. 114 at 2, ¶ 6.  Second, A.S. reported she believed Plaintiff took photos of her on the night he had sex with her and on other nights when he came into her room and touched her vagina.  ECF No. 114 at 2, ¶ 7.  Third, A.S. reported she noticed a hole in her bedroom wall when she was about 15 years old, and when she covered the hole with a poster, Plaintiff told her to remove the poster so he could repair it.  ECF No. 114 at 3, ¶ 8.

On April 10, 2017, a search warrant was executed at Plaintiff's residence.  ECF No. 114 at 3, ¶ 9.  The search warrant authorized law enforcement to search the entire residence and seize any electronic devices that may contain evidence of rape of a child third degree, indecent liberties, or incest in the first degree.  ECF No. 114 at 3, ¶ 14.  During the search, law enforcement located a hole in wall of A.S.'s former bedroom which would have allowed someone to look into the room from the attic and which had been patched.  ECF No. 114 at 3, ¶ 15.  Law enforcement seized several electronic devices, including a computer of which law

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 3

enforcement later recovered sexually explicit photos of A.S.  ECF No. 114 at 4, ¶¶ 16-17.  Defendants contend the photos were recovered from a backup of Plaintiff's iPhone on the computer but Plaintiff contends the file location of the photos was a product of the shared family iTunes account settings.  ECF No. 114 at 4, ¶ 18.

On April 26, 2017, Plaintiff went to retrieve the seized property at the Walla Walla Police Department.  ECF No. 114 at 4, ¶ 19.  After Det. Goodwater showed Plaintiff the recovered images of A.S. and questioned Plaintiff as to how the images got on the computer, Plaintiff asked to end the interview.  ECF No. 114 at 4, ¶¶ 20-21.

On May 25, 2017, Walla Walla County charged Plaintiff with Rape in the Third-Degree – Domestic Violence, Indecent Liberties – Domestic Violence, Incest in the First Degree – Domestic Violence, and Voyeurism – Domestic Violence.  ECF No. 114 at 4, ¶ 22.  On January 4, 2018, a second search warrant was issued which sought information related to Plaintiff's Apple ID.  ECF No. 114 at 5, ¶ 26.

During the course of Det. Goodwater's investigation, multiple witnesses shared that A.S. was untrustworthy or shared their knowledge of her sexual history.  ECF No. 114 at 4-5, ¶ 23.  Witnesses came forward with information regarding A.S. sending out nude pictures through internet messaging and email.  ECF No. 121 at 21, ¶ 19; ECF No. 128 at 2, ¶2.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 4

On February 22, 2018, the state trial court denied Plaintiff's motion to dismiss the criminal charges, finding that Plaintiff did not establish governmental misconduct in Det. Goodwater's contact with A.S.'s maternal grandmother, or Det. Goodwater's instruction to A.S. to remove a comment she posted on a news article about the case. ECF No. 114 at 5, ¶ 27. The trial court also found sufficient evidence existed to support a prima facie case and to allow a jury to convict Plaintiff on all four charges. ECF No. 114 at 5, ¶ 28.

On March 5, 2018, the trial court found that the April 2017 search warrant was supported by probable cause, the officers did not exceed the scope of the warrant by searching the attic, observations and photographs of the hole did not exceed the scope of the warrant, but suppressed evidence that was seized related to the hole in A.S.'s bedroom wall as beyond the scope of the warrant. ECF No. 114 at 6, ¶ 29.

On March 9, 2018, Plaintiff's attorney proffered evidence that A.S. had sexual intercourse with Michael Torrescano on the night she alleged Plaintiff had sex with her. ECF No. 14 at 6, ¶ 30. Based on this information, Det. Goodwater contacted Torrescano's father and confirmed his contact information. ECF No. 114 at 6, ¶ 30. During this conversation, Det. Goodwater told Torrescano's father that Torrescano could be charged with a crime based on allegations proffered by Plaintiff's counsel. ECF No. 114 at 6, ¶ 32. Meanwhile, A.S.'s mother also

1   contacted Torrescano's mother regarding the new allegations.  ECF No. 114 at 6, ¶

2   33.

3          On March 17 and 18, 2018, Torrescano's mother contacted Torrescano and

4   asked him to think about his actions before he testified.  ECF No. 114 at 6, ¶¶ 34-

5   35.  On March 19, 2018, Torrescano's mother left Defendant Special Deputy

6   Prosecuting Attorney Defendant Michelle Morales a voicemail, reporting that she

7   felt she was being harassed by Plaintiff's counsel.  ECF No. 114 at 7, ¶ 36.

8          On June 14, 2018, Det. Goodwater and Morales interviewed Torrescano.

9   ECF No. 114 at 7, ¶ 41.  During the interview, Torrescano gave Det. Goodwater

10  his cellphone to review messages exchanged between Torrescano and A.S.  ECF

11  No. 114 at 7, ¶ 42.  It was discovered later that some of the messages between

12  Torrescano and A.S. had been deleted from Torrescano's cellphone.  ECF No. 114

13  at 7, ¶ 43.

14         On June 20, 2018, the trial court again denied Plaintiff's motion to dismiss

15  the charges, finding that Plaintiff had not established governmental misconduct

16  related to Plaintiff's allegations of witness tampering.  ECF No. 114 at 7, ¶ 44.

17         On July 18, 2018, the trial court found that the April 2017 and January 2018

18  search warrants were supported by probable cause but were unconstitutionally

19  broad and suppressed all evidence seized or discovered from the execution of those

20  warrants.  ECF No. 114 at 8, ¶ 45.  The suppression was based on a recent appeals

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 6

1    court case, *State v. McKee*, 3 Wash. App. 2d 11 (2018).[1]  ECF No. 114 at 8, ¶ 46.

2    Defendants were concerned about losing the suppressed evidence.  ECF No. 121 at

3    25, ¶ 40.  Morales and Deputy Prosecuting Attorney Jill Peitersen sought guidance

4    from the Washington Association of Prosecuting Attorneys ("WAPA") on how to

5    correct the particularity deficiencies in the warrants due to the new Washington

6    case.  ECF No. 114 at 8, ¶ 47.  Morales relied on WAPA's guidance in reaching

7    her decision to reapply for the search warrant and on the steps that needed to be

8    taken to carry out the process of obtaining a new search warrant.  ECF No. 114 at

9    8, ¶ 48; ECF No. 121 at 26, ¶ 41.  While Plaintiff alleges that the plan involved

10   getting a new detective to draft the warrant for a judge to sign a more specific

11   search warrant to re-seize the suppressed evidence, Defendants assert that this

12   allegation is unsupported by the record.  ECF No. 121 at 26, ¶ 42; ECF No. 128 at

13   18, ¶ 42.

14       Immediately thereafter, Morales drafted and submitted a declaration that

15   informed the trial court of the procedural history of the prior search warrant and

16   the reason for the addendum was that the search warrant would comply with the

17   newly issued decision.  ECF No. 114 at 8, ¶ 49.  Plaintiff disputes this proposition

18

19   [1]    This decision was subsequently reversed and remanded by the Washington

20   Supreme Court, *State v. McKee*, 193 Wash. 2d 271 (2019).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 7

to the extent that this was accomplished "immediately thereafter," the affidavit does not reflect Morales' "intent and purpose for filing," and any characterization that the declaration affirmed only procedural history; rather, Plaintiff asserts that the declaration "let[] the court know that the prosecutor in charge is directing this warrant and has verified the accuracy and legality of the affidavit."  ECF No. 121 at 2, ¶ 2.  Plaintiff does not appear to dispute that Morales' declaration did not affirm the facts of the case to establish probable cause for the search warrant.  ECF No. 114 at 9, ¶ 50.  To the extent Plaintiff maintains that Morales oversaw the drafting of the warrant, reviewed and approved the affidavit for filing, and filed her own affidavit as a "voucher," Defendants dispute this as unsupported by the record.  ECF No. 121 at 26, ¶ 43; ECF No. 128 at 18, ¶ 43.

On July 20, 2018, the third search warrant was issued.  ECF No. 114 at 9, ¶ 51.  The warrant authorized the search and seizure of items that included "electronic devices listed below, of Anthony J. Haworth … cellular telephones, desk top computers, tablet computers, digital cameras, media storage devices, and/or gaming devices."  ECF No. 114 at 9, ¶ 52.  The prosecutors were aware that the only information from the photos seized that investigators could determine was that they were located in an unallocated space on a home computer that was used by the entire family.  ECF No. 121 at 21, ¶ 18.  Plaintiff contends that the search warrant would not have issued if the "true facts" were before the trial court and

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 8

1    that any reasonable and prudent police officer would not have submitted an

2    affidavit absent direction from a prosecutor.  ECF No. 121 at 26, ¶ 44.  Defendants

3    state that this claim and supporting evidence from Plaintiff's declaration is not

4    relevant to the remaining claims before the Court.  ECF No. 128 at 18, ¶ 44.

5    Plaintiff also asserts that A.S. recanted her testimony that she saw Plaintiff take

6    photos of her.  ECF No. 121 at 21, ¶ 20.  However, Defendants assert that this is a

7    mischaracterization and there is no support in the record that A.S. ever recanted

8    this testimony.  ECF No. 128 at 11, ¶ 20.

9         On August 1, 2018, a search warrant was issued for Torrescano's cellphone.

10   ECF No. 114 at 9, ¶ 53.

11        On August 20, 2018, the trial court ruled that evidence seized or discovered

12   from the July 2018 warrant was admissible at trial and suppressed evidence of

13   statements Plaintiff made in response to evidence discovered in the April 2017

14   search warrant regarding the hole in A.S.'s bedroom.  ECF No. 114 at 9, ¶ 54.

15        On November 15, 2018, Plaintiff filed a Motion for Discretionary Review

16   with the Washington Court of Appeals seeking review of the trial court's orders

17   denying Plaintiff's motion to suppress the July 2018 search warrant, order denying

18   Plaintiff's motion to quash the search warrant for Torrescano's phone, and order

19   denying Plaintiff's third motion to dismiss for governmental misconduct.  ECF No.

20   114 at 9-10, ¶ 55.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 9

On November 26, 2018, Walla Walla County filed a notice of its termination of its appointment as Special Deputy Prosecuting Attorney for Franklin County. ECF No. 114 at 10, ¶ 55.

Following suit in this case, Walla Walla County testified to the following policies, practices, and customs:

1. The Revised Code of Washington (RCW) provides the rules, guidance, and framework by which cases are conducted at the Walla Walla County Prosecuting Attorney's Office. ECF No. 114 at 11, ¶ 63(a). Plaintiff disputes this by alleging a lack of oversight or supervisory control over Morales. ECF No. 121 at 3-5, ¶ 3(a).

2. Walla Walla County also relies on the Washington Rules of Professional Conduct ("RPC"), the National District of Attorneys Association ("NDAA"), and American Bar Association ("ABA") guidelines. ECF No. 114 at 11, ¶ 63(b). Plaintiff disputes this by citing to the deposition record that demonstrates elected Prosecuting Attorney James Nagle could not specifically recite or provide citations to the rules nor could he recall the last time he read the rules. ECF No. 121 at 6-9, ¶ 3(b).

3. Walla Walla County monitors and ensures that prosecutors are attending Continuing Legal Education ("CLEs") courses that apply specifically to prosecutors, including mandatory ethics course requirements. ECF No.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 10

114 at 11, ¶ 63(c); ECF No. 128 at 18, ¶¶ 45-46.  Plaintiff does not

generally dispute this but asserts "[a]ttending CLEs does not provide

hands-on training."  ECF No. 121 at 9, ¶ 3(c).

4. Walla Walla County's practice or custom in respect to conflict of

interests is to follow the RPC.  ECF No. 114 at 11, ¶ 63(d).  Plaintiff

disputes this by claiming "Nagle could not even recite the rules in respect

to conflict of interest" and that Nagle ignored the "obvious" conflict of

his prosecutors.  ECF No. 121 at 9-11, ¶ 3(d).

5. Walla Walla County follows the Revised Code Washington ("RCW"),

cases that interpret the RCWs with regards to obligations and duties of

prosecutors, and the RPC.  ECF No. 114 at 12, ¶ 63(e).  Plaintiff disputes

this to the extent that his expert "disagrees in respect to actual practice of

the office."  ECF No. 121 at 11, ¶ 3(e).

6. No one in the Walla Walla Prosecutor's Office advised Detective

Goodwater or the City of Walla Walla police that including the *Smith*

affidavit at the close of a witness interview is a policy, practice, or

custom that can bind an interviewee under penalty of perjury.  ECF No.

114 at 12, ¶ 63(f).  Plaintiff disputes this by claiming that Detective

Goodwater "himself contradicted this in his interview in 2017."  ECF No.

121 at 11-12, ¶ 3(f).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 11

7. Prosecutors do not conduct investigations and rely on investigations from law enforcement. ECF No. 114 at 12, ¶ 63(g). Plaintiff disputes this by claiming it "is contradicted by Morales' level of involvement in the July 20, 2018 search warrant, and the August 1, 2018 Torrescano Search warrant." ECF No. 121 at 12, ¶ 3(g).

8. Prosecutors are unaware of what the police department does or does not say to suspects. ECF No. 114 at 12, ¶ 63(h). Plaintiff disputes this by asserting "this practice was vetted by the prosecutor's office." ECF No. 121 at 12-13, ¶ 3(h).

9. Walla Walla County does not have a policy, practice, or custom to advise an interviewee that if the interviewee has knowingly lied to a police officer, they may be charged with perjury pursuant to *State v. Smith*. ECF No. 114 at 12, ¶ 63(i). Plaintiff disputes this by claiming "the evidence suggests [Walla Walla County] ha[s] a custom or practice of leveraging the WWPD officers' use of a 'Smith affidavit' as a mechanism of threatening perjury charges if the end justifies the means." ECF No. 121 at 13, ¶ 3(i).

10. Prosecutors are required to attend CLEs. ECF No. 114 at 12, ¶ 63(j). Plaintiff does not generally dispute this but asserts it "is a WSBA

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 12

requirement – not a Walla Walla requirement." ECF No. 121 at 13, ¶ 3(j).

11. Walla Walla County actively supervises prosecutors. ECF No. 114 at 13, ¶ 63(k). Plaintiff disputes this by focusing on Nagle's role in the case that Morales was assigned to; specifically, Plaintiff asserts Nagle attended only one hearing, he assigned prosecutors with no felony sex crime experience or little felony experience, he refused requested meetings with Plaintiff's counsel in the underlying criminal proceeding, he had no personal knowledge regarding a witness Plaintiff's counsel introduced, nor did Nagle have a sit down meeting with Morales and Peitersen to discuss any issues or evidence in the case. ECF No. 121 at 13-14, ¶ 3(k).

12. Walla Walla County continuously reevaluates the determination of probable cause throughout the case. ECF No. 114 at 13, ¶ 63(l). Plaintiff disputes this by alleging Walla Walla County would not dismiss the case unless the alleged victim recanted, Nagle was unaware of certain evidence produced by Plaintiff's counsel in the underlying criminal proceeding, there were "massive shifts" in the evidence of the case, and the prosecutors disagreed with Adams County decision to decline further prosecution of the case. ECF No. 121 at 14-16, ¶ 3(l).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 13

1       In addition to disputing the above policies and practices, Plaintiff asserts that

2   Walla Walla has the following policies, patterns, and customs: (1) "If the alleged

3   victim does not recant, you cannot dismiss the case;" (2) "Evidence is only

4   evidence, if we say it's evidence;" (3) "The truth is irrelevant if you really need the

5   warrant;" (4) "Supervision and training are a waste of time - get your CLE credits

6   and fall in line;" (5) "It is proper to allow the personal bias and agenda of a

7   prosecutor to impact decisions in the prosecution of a case;" (6) "When a State's

8   witness perjures themselves, it is appropriate for the prosecutor to assess the

9   materiality of the lie, and the value of that lie to the government's case, before

10  informing the Court of the lie;" and (7) "If the police don't understand the law,

11  assess how it helps the government convict before modifying the flaw."  ECF No.

12  120 at 4.  Defendants dispute that these policies, patterns, or customs exist and

13  assert that Plaintiff relies on inaccurate inadmissible evidence and

14  mischaracterizations of the record as set forth below.  *See* ECF Nos. 127-128.

15      As to the first alleged policy, Plaintiff argues that that Walla Walla County

16  refuses to dismiss charges in a sexual assault case if the alleged victim does not

17  recant.  ECF No. 121 at 16-17, ¶¶ 5-7.  Defendants dispute this, asserting that

18  Plaintiff mischaracterizes the statements in the record and citations are based on

19  Plaintiff's counsel's opinions and hearsay opinions of outside attorneys.  ECF No.

20  128 at 3-5, ¶¶ 5-7.  For example, Morales asserts she never stated that this was a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 14

policy and provided an example where she dismissed a case where the alleged victim wanted to move forward in the prosecution. ECF No. 128 at 4, ¶ 5, at 6, ¶ 7. Additionally, Peitersen said that in addition to A.S.'s statements, she believed the evidence recovered in the search warrants provided a sufficient basis for the continued prosecution of Plaintiff. ECF No. 128 at 4-5, ¶ 7.

As to the second alleged policy, Plaintiff argues that Walla Walla County had a custom or practice of disregarding exculpatory evidence produced by the Plaintiff in the underlying criminal prosecution from Plaintiff counsel's independent investigation. ECF No. 121 at 17, ¶ 8. First, Plaintiff asserts that Nagle, Morales, and Peitersen never had a sit-down meeting to go over the evidence produced by Plaintiff's counsel. ECF No. 121 at 17, ¶ 8. Defendants assert that Plaintiff misstates the record and that Nagle was involved in the case, was kept abreast of developments in the case, and had no concerns regarding the evidence. ECF No. 128 at 6-7, ¶ 8. Second, Plaintiff alleges that Walla Walla County decides what is "evidence." ECF No. 121 at 18, ¶ 9. Defendants also dispute this characterization of the record, asserting that Plaintiff's counsel and Peitersen only disagree as to what constitutes relevant evidence. ECF No. 128 at 7, ¶ 9. Third, Plaintiff alleges that Walla Walla County prosecutors withhold, delay, or do not disclose information that it deems not to be evidence. ECF No. 121 at 18-19, ¶¶ 10-11. Defendants dispute that there is such a practice and that

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 15

1  Plaintiff's citation to the record demonstrate that a report was merely delayed and

2  that the prosecutors have no control over how long it takes a law enforcement

3  officer to produce a report.  ECF No. 128 at 7-8, ¶ ¶ 10-11.

4         As to the third alleged pattern or practice, Plaintiff first alleges that Walla

5  Walla County prosecutors personally involved themselves in the investigative

6  practice by obtaining the July 20, 2018 search warrant for Plaintiff's phone and the

7  August 1, 2018 search warrant of Torrescano's phone.  ECF No. 121 at 19, ¶ 12.

8  Defendants dispute this as an inaccurate representation of the record; Defendants

9  assert that Morales stated that she had a conversation with Det. Goodwater

10  regarding a search warrant but that she did not direct him to get a search warrant

11  nor did she draft the search warrant.  ECF No. 128 at 8-9, ¶ 12.  Second, Plaintiff

12  alleges that Walla Walla County established a pattern of submitting or sanctioning

13  the submission of known misrepresentations of law and fact to a trial court.  ECF

14  No. 121 at 19-20, ¶ 13.  Defendants assert that Plaintiff mischaracterizes the

15  testimony cited and relies on an improper expert opinion as addressed in the

16  motion to strike.  ECF No. 128 at 9, ¶ 13.  Third, Plaintiff alleges that the purpose

17  of the July 20, 2018 search warrant was to re-seize evidence that was suppressed

18  by the trial court and "the plan was for Morales to control and initiate."  ECF No.

19  121 at 20, ¶ 14.  Defendants dispute that the cited testimony supports Plaintiff's

20  assertions and that the only decision was to use a new search warrant at the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 16

prosecutor's office.  ECF No. 128 at 10, ¶ 14.  Fourth, Plaintiff alleges that the basis for obtaining both the April 7, 2017 and July 20, 2018 search warrants was A.S.'s statement that she saw "flashes" from a phone camera taken of her by Plaintiff and that the images seized were already in possession of the government.  ECF No. 121 at 20, ¶ 15-16.  Defendants assert the cited testimony does not support that the April 7, 2017 search warrant was used for the affidavit of the July 20, 2018 search warrant, does not support that the order was issued due to A.S.'s statements, does not support that the search warrant had the purpose of searching for images that were taken by Plaintiff, and does not support that the images were found on the computer previously seized or were they in the possession of the government.  ECF No. 128 at 10, ¶¶ 15-16.  Fifth, while Plaintiff asserts that Morales admitted the "false and misleading nature" of the July 20, 2018 search warrant, Defendants assert that Plaintiff mischaracterizes the testimony because Morales only explained that Detective Loney was only allowed to review evidence up until April 7 for the new search warrant but that Morales was privy to information that she was not allowed to share past the April 7 date.  ECF No. 121 at 21, ¶ 21; ECF No. 128 at 11, ¶ 21.  Sixth, Plaintiff asserts that Walla Walla County knew there were no nude photographs of A.S. taken by Plaintiff on devices but Defendants assert that the person who took the photos was not at issue in the underlying criminal proceedings.  ECF No. 121 at 21, ¶ 21; ECF No. 128 at 11, ¶

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 17

21.  Seventh, Plaintiff similarly alleges that Morales knew the facts and law were misleading in connection with the July 30, 2018 Torrescano search warrant but Defendants dispute that this statement is supported by the record.  ECF No. 121 at 23, ¶ 23; ECF No. 128 at 11, ¶ 23.  Finally, Plaintiff alleges that the elected prosecutor, Nagle, sanctioned the conduct related to obtaining the search warrants.  ECF No. 121 at 23, ¶ 24.  Defendants dispute this because Plaintiff's citation to the record to Nagle's testimony is not related to the search warrants at issue.  ECF No. 128 at 11, ¶ 24.

As to the fourth alleged policy, practice, or custom, Plaintiff first alleges that Walla Walla County Prosecutor's office has no internal training program, no structured oversight, and no written policies related to constitutional and ethical conduct.  ECF No. 121 at 23, ¶¶ 25-27.  Defendants assert that Walla Walla County prosecutors receive training through WAPA, the NDAA, and other specialized trainings, the prosecutors follow the RPC, RCW, other legal authorities, and has structured oversight without written documentation of such.  ECF No. 128 at 2, ¶¶ 3-4, at 12, ¶ 26.  Second, Plaintiff alleges that Walla Walla assigned two inexperienced prosecutors where Morales had one felony trial and Peitersen had not been in front of a jury in nine years.  ECF No. 121 at 23, ¶ 28.  Defendants dispute Plaintiff's inaccurate citation to the record where Morales

1    stated she had tried more than one felony case and Peitersen has been a prosecutor

2    from 1997 to 2006 and then from 2016 to present.  ECF No. 128 at 12-13, ¶ 28.

3         As to the fifth policy or practice, Plaintiff alleges that Walla Walla County

4    sanctioned the practice of allowing prosecutors with a personal bias to prosecute

5    cases, provided no oversight or training regarding conflicts of interest, and Nagle

6    could not cite the specific ABA model rule or RPC applicable to conflicts of

7    interest.  ECF No. 121 at 23-24, ¶¶ 29-31.  Defendants dispute Plaintiff's

8    allegations as not supported by the admissible record, contain incorrect citations,

9    and Defendants assert that just because Nagle could not identify a specific rule

10   does not equate to not knowing what the ethical rules are.  ECF No. 128 at 13, ¶¶

11   29-31.  The basis for Plaintiff's conflict of interest claim is that Plaintiff alleges

12   Morales told Plaintiff's counsel that she was not going to dismiss the case or make

13   any deals because Plaintiff's counsel challenged her ethics in the courtroom.  ECF

14   No. 121 at 24, ¶ 32.  Defendants dispute that Morales said this, and the citation to

15   the record rely on Plaintiff's counsel and an outside attorney's assumption and

16   interpretation of what Morales said.  ECF No. 128 at 14, ¶ 32.

17        As to the sixth alleged policy, Plaintiff asserts that Nagle determines the

18   materiality of perjured testimony before informing a court of the lie.  ECF No. 121

19   at 24, ¶ 33.  Defendants dispute this as a mischaracterization of the record: In

20   response to a hypothetical question by Plaintiff's counsel, Nagle said he may

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 19

contact the court and/or he may have taken other steps.  ECF No. 128 at 14, ¶ 33.

Defendants assert that Plaintiff's counsel cut Nagle off in answering the question

by changing the topic.  ECF No. 128 at 14, ¶ 33.  Plaintiff states that Walla Walla

City Police Officers lied under oath in the underlying criminal proceedings.  ECF

No. 121 at 24, ECF No. 128 at 14, ¶ 34.  Defendants dispute this as not relevant to

the remaining claims against Walla Walla County and is inadmissible as it cites to

the expert report.  ECF No. 128 at 14, ¶ 34.

As to the seventh alleged policy or practice, Plaintiff alleges that Walla

Walla City Police Department intentionally misleads witnesses, suspects, and the

trial court through the use of a "*Smith* Affidavit" to support perjury charges of a

witness interview and that the Prosecutor's Office was aware of this practice and

ignored the misapplication of the affidavit.  ECF No. 121 at 25, ¶¶ 35-39.

Defendants dispute the allegations against the Walla Walla City Police Department

as not relevant to claims against Walla Walla County, a mischaracterization of

testimony where Nagle did not believe there was any misapplication of the law,

and the Walla Walla City Attorney's Office would have jurisdiction over the

practices and policies of the City Police Department.  ECF No. 128 at 2, ¶ 5, at 14-

17, ¶¶ 35-39.

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 20

1

### B.  Procedural Background

2

On November 4, 2019, Plaintiff filed a Complaint against Defendants City

3

of Walla Walla, Marcus Goodwater, Scott Bieber, Walla Walla County, Michelle

4

Morales, and James Nagle.  ECF No. 1.  The Complaint raised ten causes of action,

5

including claims of violations under 42 U.S.C. § 1983.  *Id.*

6

On June 10, 2020, the Court granted summary judgment for Defendants City

7

of Walla Walla, Marcus Goodwater, and Scott Bieber and dismissed them as

8

defendants.  ECF No. 58.  In that order, the Court determined probable cause

9

existed to initiate and pursue criminal charges against Plaintiff throughout the

10

criminal prosecution.  ECF No. 58 at 30.  On June 17, 2020, the Court granted the

11

parties' joint stipulation to dismiss Counts 3, 4, and 6-10.  ECF No. 60.

12

On August 20, 2020, the Court partially granted judgment on the pleadings

13

for Defendants Walla Walla County, Morales, and Nagle.  ECF No. 88.  In that

14

Order, the Court dismissed all claims against Nagle and dismissed Plaintiff's equal

15

protection and malicious prosecution claims.  *Id.*  As a result, the only two

16

remaining claims are the Section 1983 claims against Defendant Michelle Morales

17

for signing an affidavit in connection with a search warrant and against Walla

18

Walla County for unconstitutional policies, procedures, customs, and practices.

19

ECF No. 114 at 10-11, ¶ 61.

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 21

On December 28, 2020, Plaintiff took the Rule 30(b)(6) deposition of Nagle as designee for Walla Walla County.  ECF No. 114 at 11, ¶ 62.  On January 13 and 14, 2021, Plaintiff deposed Peitersen and Morales, respectively.  ECF No. 114 at 13, ¶¶ 64-65.

Following these depositions, Defendants filed the present motion for summary judgment on Plaintiff's remaining claims.  ECF No. 113.  The parties timely filed their respective response and reply.  ECF Nos. 120, 127.  Defendants also moved to strike an expert report and declaration from Plaintiff's response with an accompanying motion to expedite in order for the motions to be heard together. ECF Nos. 130-131.  Plaintiff timely filed a response to the motion to strike.  ECF No. 132.

# DISCUSSION

## A.  Motion to Strike

As a preliminary matter, Defendants filed a motion to strike an expert report and declaration in support of Plaintiff's response to the summary judgment.  ECF No. 130.  Defendants move to strike Plaintiff's expert report on the basis that it is riddled with legal conclusions and move to strike the declaration as irrelevant to the remaining claims before the Court.  *Id.*

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 22

1    *1. Expert Report*

2    On summary judgment, "[a] party may object that the material cited to

3    support or dispute a fact cannot be presented in a form that would be admissible in

4    evidence." Fed. R. Civ. P. 56(c)(2).  The Court must only consider admissible

5    evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

6    "A district court's rulings on the admissibility of expert testimony … will be

7    reversed only if 'manifestly erroneous.'" *United States v. Cazares*, 788 F.3d 956,

8    976 (9th Cir. 2015).

9    "An opinion is not objectionable just because it embraces an ultimate issue."

10   Fed. R. Evid. 704(a).  However, "an expert witness cannot give an opinion as to

11   her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly,

12   instructing the jury as to the applicable law is the distinct and exclusive province of

13   the court." *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523

14   F.3d 1051, 1058 (9th Cir. 2008) (citing *Hangarter v. Provident Life & Accident*

15   *Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal citation and quotation marks

16   omitted)); *see also* Fed. R. Evid. 702 (requiring that expert opinion evidence "help

17   the trier of fact to understand the evidence or to *determine a fact in issue*.")

18   (emphasis added)).

19   Here, the proffered expert report is written by attorney John W. Ladenburg

20   Sr. who offers the following opinions: (1) "The conduct of the prosecutors in the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 23

Hayworth (sic) illustrate Walla Walla County's policies, practices, and customs did not conform with ABA and Washington State Bar ethics rules or legal precedent. As a result of a combination of policy, practice, custom, training, and oversight issue, the underlying case was prematurely charged and prosecuted well after it was clear that the prosecution was not supported by probable cause.  This prosecution certainly was not provable beyond a reasonable doubt" and (2) "DPA Morales acted outside her prosecutorial function, when she swore to an affidavit in support of the July 2018 search warrant.  The wrongful procurement of the search warrant, based upon the presentation of known false statements of fact that were endorsed by DPA Morales violated Haworth's constitutional rights and resulted in the wrongful issuance of a search warrant."  ECF No. 122-1 at 4-5.

Here, the Court strikes the expert report's numerous legal conclusions.  *See* ECF No. 122-1.  The Court will consider statements that are not purely legal conclusions and which may provide "helpful testimony."  *Reed v. Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017).  However, the remaining opinion is based on Plaintiff's mischaracterization of the record, as discussed *infra*, so that the opinion creates no genuine issue of material fact as to the remaining claims at issue.

### 2.  *Police Investigator Declaration*

The declaration of Police Practices and Investigations Expert David A. Snider appears to operate as a witness statement while also providing an expert

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 24

opinion.[2]  *See* ECF No. 122-2.  The Court strikes the statements in the declaration that amount to legal conclusions.  Additionally, the Court will not consider statements that are not relevant to the remaining claims at issue.  *See* Fed. R. Evid. 401.  For example, Mr. Snider provides opinions on the actions of employees of the City of Walla Walla, a defendant who was dismissed along with its' employees on the prior motion for summary judgment.  ECF No. 58.

With the above qualifiers, Defendants' motion to strike is granted in part.

## B.  Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

---

[2]  In response to the motion, Plaintiff asserts "Mr. Ladenburg and Mr. Snider are clearly qualified as expert witnesses under Rule 702."  ECF No. 132 at 3.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 25

*Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## C. Section 1983 Claim: Defendant Michelle Morales

Defendants argue that Morales is immune from suit under the doctrine of absolute prosecutorial immunity, or in the alternative, qualified immunity. ECF No. 113 at 5-11. Plaintiff argues Morales engaged in judicial deception and is therefore not protected by any immunity. ECF No. 120 at 15-21.

### 1. Absolute Immunity

"State prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 26

process.'"  *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  "Functions for which

absolute prosecutorial immunity have been granted include the lawyerly functions

of organizing and analyzing evidence and law, and then presenting evidence and

analysis to the courts and grand juries on behalf of the government; they also

include internal decisions and processes that determine how those functions will be

carried out."  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 913 (9th Cir. 2012).  As the

*Lacey* court explained:

> Prosecutors are absolutely immune from liability for the consequences of
> their advocacy, however inept or malicious, because it is filtered through a
> neutral and detached judicial body; they are not necessarily immune for
> actions taken outside this process, including actions logically – though not
> necessarily temporally – prior to advocacy, such as those 'normally
> performed by a detective or police officer,' like gathering evidence… and
> those separate from the process, like providing legal advice to the police.

*Id.* at 912 (internal citations omitted).

"[A]bsolute immunity is an extreme remedy, and it is justified only where

'any lesser degree of immunity could impair the judicial process itself.'"  *Id.*

(quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)).  "Immunity attaches to 'the

nature of the function performed, not the identity of the actor who performed it.'"

*Id.* at 912 (quoting *Kalina*, 522 U.S. at 127).  This functional approach means that

some of a prosecutor's actions may be entitled to absolute immunity, while other

actions taken in the course of the same investigation may not be entitled to

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 27

1    absolute immunity, even if "all of plaintiffs' claims are predicated on the same

2    constitutional violation." *Torres v. Goddard*, 793 F.3d 1046, 1056 (9th Cir. 2015).

3        On Defendants' previous motion for judgment on the pleadings, the Court

4    accepted Plaintiff's allegations in the complaint as true that Morales "sign[ed] a

5    declaration vouching for the process, facts, and validity of the search warrant

6    affidavit." ECF No. 88 at 9 (citing ECF No. 1. 35-36, ¶ 4.117). For purposes of

7    judgment on the pleadings, the Court found that Morales was "entitled to absolute

8    prosecutorial immunity against Plaintiff's Section 1983 claims, with the limited

9    exception of the allegation that Morales violated Plaintiff's rights through her

10   actions of personally affirming the facts of the case in support of the July 20, 2018

11   search warrant application." ECF No. 88 at 9-10. On summary judgment, rather

12   than accepting Plaintiff's allegations as true, the Court views the admissible facts

13   in the record, and all rational inferences therefrom, in the light most favorable to

14   the non-moving party. *Scott*, 550 U.S. at 378; *Orr*, 285 F.3d at 773.

15       Here, viewing the facts in light most favorable to Plaintiff, Morales did not

16   "sign a declaration vouching for the process, facts, and validity of the search

17   warrant affidavit." ECF No. 1. 35-36, ¶ 4.117. Rather, Morales' declaration

18   provided the Court the background regarding her review, advice, and reason for

19   seeking the new search warrant: the new search warrant was drafted to comply

20   with the new Washington Court of Appeals decision. *See* ECF No. 115-1. This

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 28

1  was not an act that "any competent witness might have performed." *Kalina*, 522

2  U.S. at 129-130.  Morales' declaration did not swear to the facts of the search

3  warrant in a way that made "her more akin to a witness than a prosecutor in this

4  function." *Garmon*, 828 F.3d at 845.  Rather, this legal review and explanation for

5  the new search warrant is more akin to pre-trial evidence gathering intimately

6  associated with the judicial process that is protected by absolute immunity.  *KRL v.*

7  *Moore*, 384 F.3d 1105, 1110-16 (9th Cir. 2004).  Therefore, Morales is entitled to

8  absolute immunity for signing a declaration that informed the trial court of the

9  review and procedural basis for seeking the new search warrant.  Even if Morales

10  is not entitled to absolute immunity, she is entitled to qualified immunity.

11      *2.  Qualified Immunity*

12          Qualified immunity shields government actors from civil damages unless

13  their conduct violates "clearly established statutory or constitutional rights of

14  which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S.

15  223, 231 (2009).  Generally, the defendant has the burden of pleading and proving

16  this affirmative defense. *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017).

17  *But see LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) ("[P]laintiff bears

18  the burden of showing that the rights allegedly violated were 'clearly

19  established.'"); *Wesbrock v. Ledford*, No CV-19-02196-PHX-DWL, 2020 WL

20  2934929, at *8 (D. Ariz. June 3, 2020) ("Ninth Circuit law is not a model of clarity

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 29

concerning which party has the burden of proof when the defense of qualified immunity has been raised.").

In evaluating a state actor's assertion of qualified immunity, the Court must determine: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001) (*overruled in part by Pearson,* 555 U.S. at 227) (holding that courts may exercise sound discretion in deciding which of the two prongs should be addressed first). If the answer to either inquiry is "no," then the defendant is entitled to qualified immunity and may not be held personally liable. *Glenn v. Washington Cty.*, 673 F.3d 864, 870 (9th Cir. 2011) (citing *Pearson*, 555 U.S. at 236).

The second prong of the *Saucier* analysis must be "undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). Thus, "officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Id.* at 1153; *see Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (Plaintiff "must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful."). Such

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 30

1  precedent "must be 'controlling' – from the Ninth Circuit or Supreme Court – or

2  otherwise be embraced by a 'consensus' of courts outside the relevant

3  jurisdiction." *Sharp*, 871 F.3d at 911 (quoting *Wilson v. Layne*, 526 U.S. 603, 617

4  (1999)).

5      *1.  Violation of Constitutional Right*

6          On summary judgment, Plaintiff alleges that Morales' act of signing the

7  declaration in support of the search warrant constitutes judicial deception, a

8  violation of Plaintiff's Fourth Amendment rights.  ECF No. 120 at 15-21.  Plaintiff

9  did not directly allege a judicial deception claim in his Complaint.  ECF No. 1.

10 However, the Court will nonetheless consider the claim.

11         To establish a judicial deception claim, the plaintiff "must 1) make a

12 substantial showing of [the prosecutor's] deliberate falsehood or reckless disregard

13 for the truth and 2) establish that, but for the dishonesty, the [search and seizure]

14 would not have occurred." *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir.

15 2011) (internal citation and quotation omitted).  The alleged false statements or

16 omissions must be material to the finding of probable cause.  *KRL*, 384 F.3d at

17 1117.  Such statements or omissions are "material if 'the affidavit, once corrected

18 and supplemented,' would not have provided a magistrate judge with a substantial

19 basis for finding probable cause." *Chism*, 661 F.3d at 389 (internal citation

20 omitted).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 31

1    Here, Plaintiff alleges various statements were made in the search warrant

2    with either deliberate falsehood or reckless disregard for the truth.  ECF No. 120 at

3    16-17.  However, Morales' declaration had no bearing on the trial court's

4    determination of probable cause as Morales simply informed the trial court of the

5    procedural history and reason for seeking a new search warrant.  This Court

6    already determined in the summary judgment proceedings with the City

7    Defendants that probable cause existed to initiate and pursue criminal charges

8    against Plaintiff throughout the criminal prosecution.  ECF No. 58 at 30.  No

9    reasonable trier of fact could determine that but for Morales' declaration, the trial

10    court would not have had a substantial basis for finding probable cause.  *Chism*,

11    661 F.3d at 389.  Taking the facts in light most favorable to Plaintiff, summary

12    judgment on Plaintiff's judicial deception claim is appropriate.

13    *2.  Clearly Established Right*

14    Even when the evidence is construed in light most favorable to Plaintiff,

15    Morales could not have understood that her action of submitting a declaration

16    explaining the reason for the new search warrant would have violated Plaintiff's

17    due process rights.  *Saucier*, 533 U.S. at 201-202.  As stated *supra*, the suppression

18    of evidence from the search warrant was based on a new case from the Washington

19    Court of Appeals.  Morales consulted with WAPA to ensure the new search

20    warrant complied with existing law.  Regardless of any allegations of bad faith,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 32

these events demonstrate that Morales likely believed her "tactics were lawful." *Cunningham*, 345 F.3d at 812. Because Plaintiff's claim fails both prongs of the *Saucier* qualified immunity test, Morales is entitled to qualified, if not absolute, immunity on Plaintiff's Section 1983 claim. Therefore, summary judgment on the claim against Morales is appropriate.

### D. Section 1983 Claim: Defendant Walla Walla County

Defendants argue that summary judgment is appropriate as to claims against Walla Walla County because it is not subject to *Monell* liability. ECF No. 113 at 11-16. Plaintiff identifies several alleged customs, patterns, or policies that he claims violated his constitutional rights. ECF No. 120 at 4.

"In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct." *Shearer v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). As such, a policy, practice or custom can be established in three ways: (1) an employee acts pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a longstanding practice or custom, or (3) an employee acts as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982-83 (9th Cir. 2004). Whether an official is a "final

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 33

policymaker" is a question of state law.  *Christie v. Iopa*, 176. F.3d 1231, 1238

(9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)).

An official likely has "final policymaking authority" if the action is subject to

discretion and is not meaningfully constrained or subject to review by a superior.

*Praprotnik*, 485 U.S. at 127.  Without further briefing, the parties appear to agree

that Nagle has final policymaking and ratification authority for Walla Walla

County as the elected prosecutor.  *See* ECF No. 113, 120.

Between the past order on summary judgment (ECF No. 58), order on the

motion for judgment on the pleadings (ECF No. 88), and current order, the Court

has granted judgment in favor of all Defendants on Plaintiff's claims of

constitutional injury and already determined probable cause existed to initiate and

pursue criminal charges against Plaintiff throughout the criminal prosecution.  ECF

No. 58 at 30.  Without a constitutional injury, *Monell* liability is unavailable.  *See*

*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Fidge v. Lake Cty.*

*Sheriff's Dep't*, 683 F. App'x 605, 606 (9th Cir. 2017).

Even if Plaintiff had a viable constitutional injury, Plaintiff's *Monell* claims

also fail because he cannot create a genuine issue of material fact as to whether

actions were taken pursuant to established policy, practice, custom, or final

policymaker action of Walla Walla County.  Plaintiff asserts the following policies,

patterns, or policies: (1) "If the alleged victim does not recant, you cannot dismiss

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 34

the case;" (2) "Evidence is only evidence, if we say it's evidence;" (3) "The truth is irrelevant if you really need the warrant;" (4) "Supervision and training are a waste of time - get your CLE credits and fall in line;" (5) "It is proper to allow the personal bias and agenda of a prosecutor to impact decisions in the prosecution of a case;" (6) "When a State's witness perjures themselves, it is appropriate for the prosecutor to assess the materiality of the lie, and the value of that lie to the government's case, before informing the Court of the lie;" and (7) "If the police don't understand the law, assess how it helps the government convict before modifying the flaw." ECF No. 120 at 4. Plaintiff argues that "questions of fact remain as to the existence of constitutionally violative practice or custom ratified by the Elected [Nagle] that infringed upon [Plaintiff's] rights." ECF No. 120 at 2.

 1. *"If the alleged victim does not recant, you cannot dismiss the case."*

Plaintiff asserts that this is a Walla Walla County policy based on the deposition testimony of Morales and Peitersen. ECF No. 120 at 5. However, as Defendants point out, Plaintiff once again mischaracterizes the evidence in the record. ECF No. 127 at 3. Morales testified that the specific facts of a case determine whether to dismiss a case involving rape allegations and she provided an example of one case where she dismissed a case despite the victim wanting to move forward in the prosecution. ECF No. 128 at 3-5, ¶¶ 5-7. In the instant case, the prosecutors believed A.S.'s statements warranted moving forward in the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 35

underlying criminal proceeding. *Id.* Peitersen testified there was other evidence

besides A.S.'s statements that the prosecutors believed established sufficient

evidence for a conviction. ECF No. 128 at 4-5, ¶ 7. Regardless of the

mischaracterization of the evidence and viewing the facts in light most favorable to

Plaintiff, Plaintiff fails to demonstrate that this is an expressly adopted official

policy, a longstanding practice or custom, or a final policymaker acted to impute

liability to Walla Walla County. *See Lytle*, 382 F.3d at 982-83. Therefore,

summary judgment on this claim is appropriate.

   2.   *"Evidence is only evidence, if we say it's evidence."*

        Plaintiff asserts that Walla Walla has a policy of only considering evidence

that it believes is evidence. ECF No. 120 at 7. Again, Plaintiff mischaracterizes

the evidence. Plaintiff's counsel conducted an independent investigation and

provided the prosecutors information. ECF No. 114 at 4, ¶ECF No. 121 at 17, ¶ 8.

Peitersen did not believe the information was relevant: "Well, evidence is, in my

book, like relevant to the facts that we have before us, and you [Plaintiff's

counsel], with all that extraneous information that you obtained from people that

weren't even in our state and jurisdiction at the time that these incidents may have

occurred is, again, it was a lot of extraneous evidence or extraneous information

that was not, in my book, evidence." ECF No. 122-1 at 20-21; ECF No. 128 at 7, ¶

9. Plaintiff's counsel asked Peitersen to define evidence: "I think evidence is

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 36

anything that provides a basis, support for the facts of a case as you are presenting it to a jury in a criminal matter." ECF No. 122-1 at 21. It is axiomatic that prosecutors evaluate proffered evidence for relevancy to the claims at issue. *See* Fed. R. Evid. 401.

Plaintiff further alleges that Walla Walla County prosecutors withhold or delay information that it deems not to be evidence. ECF No. 121 at 18-19, ¶¶ 10-11. This assertion is also unsupported by the record. Plaintiff's citation to the record demonstrates that a report was delayed in being turned over to Plaintiff's counsel but that prosecutors have no control over how long it takes a law enforcement officer to write and produce a report. ECF No. 128 at 7-8, ¶¶ 10-11. This delay does not demonstrate that it was Walla Walla County's belief that the report was not "evidence" or that it was intentionally withheld outside of Plaintiff's own speculation.

Finally, Plaintiff asserts that Nagle, Morales, and Peitersen never had a sit-down meeting to go over the evidence produced by Plaintiff's counsel. ECF No. 121 at 17, ¶ 8. Defendants assert that Plaintiff again misstates the record and that Nagle was involved in the case, was kept abreast of developments in the case, and had no concerns regarding the evidence. ECF No. 128 at 6-7, ¶ 8. Even if Nagle's involvement in evaluating the evidence is disputed, it is unclear how this assertion supports Plaintiff's alleged policy.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 37

Viewing the facts in light most favorable to Plaintiff, Plaintiff fails to demonstrate that this is an expressly adopted official policy, a longstanding practice or custom, or that a final policymaker acted to impute liability to Walla Walla County. *See Lytle*, 382 F.3d at 982-83. Therefore, summary judgment on this claim is appropriate.

### 3. *"The truth is irrelevant if you really need the warrant."*

Plaintiff asserts that this policy is based on intentional misrepresentations made in the July 2018 search warrant for Plaintiff's phone and search warrant for Torrescano's phone and was sanctioned by Nagle. ECF No. 120 at 9.

Plaintiff first alleges that Walla Walla County prosecutors personally involved themselves in the investigative practice by obtaining the July 20, 2018 search warrant for Plaintiff's phone and the August 1, 2018 search warrant of Torrescano's phone. ECF No. 121 at 19, ¶ 12. Defendants dispute this as an inaccurate representation of the record; Defendants assert that Morales stated that she had a conversation with Det. Goodwater regarding a search warrant but that she did not direct him to get a search warrant nor did she draft the search warrant. ECF No. 128 at 8-9, ¶ 12. Regardless of disputed "personal involvement" in the search warrant process, this allegation is insufficient to create a county policy, practice, or custom.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 38

1    Second, Plaintiff alleges that Walla Walla County established a pattern of

2   submitting or sanctioning the submission of known misrepresentations of law and

3   fact to a trial court.  ECF No. 121 at 19-20, ¶ 13.  Defendants assert that Plaintiff

4   mischaracterizes the testimony cited and relies on an improper expert opinion as

5   addressed in the motion to strike.  ECF No. 128 at 9, ¶ 13.  The record shows a

6   general dispute over what Plaintiff believes should have been contained in the

7   search warrants in the underlying criminal proceedings.  This allegation is

8   insufficient to create a county policy, practice, or custom.

9    Third, Plaintiff alleges that the purpose of the July 20, 2018 search warrant

10   was to re-seize evidence that was suppressed by the trial court and "the plan was

11   for Morales to control and initiate."  ECF No. 121 at 20, ¶ 14.  Defendants dispute

12   that the cited testimony supports Plaintiff's assertions and that the only decision

13   made at the prosecutor's office was to use a new search warrant.  ECF No. 128 at

14   10, ¶ 14.  It is undisputed that Defendants wanted to re-seize evidence that was

15   suppressed due to the new Washington Court of Appeals case that was issued.

16   These allegations are insufficient to create a county policy, practice, or custom.

17    Fourth, Plaintiff alleges that the basis for obtaining both the April 7, 2017

18   and July 20, 2018 search warrants was A.S.'s statement that she saw "flashes"

19   from a phone camera taken of her by Plaintiff and that the same images seized

20   were already in possession of the government.  ECF No. 121 at 20, ¶ 15-16.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 39

Defendants assert the cited testimony does not support that the April 7, 2017 search warrant was used for the affidavit of the July 20, 2018 search warrant, does not support that the order was issued due to A.S.'s statements, does not support that the search warrant had the purpose of searching for images that were taken by Plaintiff, and does not support that the images were found on the computer previously seized or were they in the possession of the government.  ECF No. 128 at 10, ¶¶ 15-16.  Moreover, Plaintiff asserts that Walla Walla County knew there were no nude photographs of A.S. taken by Plaintiff on devices but Defendants asserts that the person who took the photos was not at issue in the underlying criminal proceedings.  ECF No. 121 at 21, ¶ 21; ECF No. 128 at 11, ¶ 21. Plaintiff's assertions are again based on speculation and a mischaracterization of the record.  In any event, these allegations are insufficient to create a county policy, practice, or custom.

Fifth, Plaintiff asserts that Morales admitted the "false and misleading nature" of the July 20, 2018 search warrant.  ECF No. 121 at 21, ¶ 21.  Defendants assert that Plaintiff mischaracterizes the testimony because Morales only explained that Det. Loney was only allowed to review evidence up until April 7 for the new search warrant but that Morales was privy to information that she was not allowed to share past the April 7 date.  ECF No. 128 at 11, ¶ 21.  Plaintiff similarly alleges that Morales knew the facts and law were misleading in connection with the July

30, 2018 Torrescano search warrant; Defendants dispute that this statement is supported by the record.  ECF No. 121 at 23, ¶ 23; ECF No. 128 at 11, ¶ 23.  These allegations are insufficient to create a county policy, practice, or custom.

Finally, Plaintiff alleges that the elected prosecutor, Nagle, sanctioned the conduct related to obtaining the search warrants.  ECF No. 121 at 23, ¶ 24. Defendants dispute this because Plaintiff's citation to the record to Nagle's testimony is not related to the search warrants at issue.  ECF No. 128 at 11, ¶ 24. There is no evidence Nagle had knowledge of or sanctioned the alleged conduct.

Viewing the facts in light most favorable to Plaintiff, Plaintiff fails to demonstrate that this is an expressly adopted official policy, a longstanding practice or custom, or that a final policymaker acted in order to impute liability to Walla Walla County.  *See Lytle*, 382 F.3d at 982-83.  Therefore, summary judgment on this claim is appropriate.

    4.  *"Supervision and training are a waste of time - get your CLE credits and fall in line."*

Plaintiff alleges that "Walla Walla County has no policies to assist prosecutors in understanding what is expected of them constitutionally and ethically."  ECF No. 120 at 11.  To the contrary, Defendants outline the supervision and training of prosecutors, including following the RPC, RCWs,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 41

1    supporting case law, and attending CLEs that include mandatory ethics course

2    requirements.  ECF No. 127 at 7.

3         Plaintiff's allegations amount to a failure to train theory.  In asserting such a

4    theory, a plaintiff must show a "deliberate indifference to the rights of persons with

5    whom the [untrained employees] come into contact."  *Connick v. Thompson*, 563

6    U.S. 51, 61 (2011) (citing *Canton*, 489 U.S. at 388).

7         Plaintiff first alleges that Walla Walla County Prosecutor's office has no

8    internal training program, no structured oversight, and no written policies related to

9    constitutional and ethical conduct.  ECF No. 121 at 23, ¶¶ 25-27.  Defendants do

10   no dispute that there are no internal training programs or written policies on

11   constitutional and ethical conduct; however, Defendants assert that does not mean

12   the prosecutors do not receive training and follow relevant guidelines.  ECF No.

13   127 at 7; ECF No. 128 at 2, ¶¶ 3-4.  Defendants have repeatedly asserted that

14   Walla Walla County prosecutors (1) receive training through WAPA, the NDAA,

15   and other specialized trainings, and attend CLE training that includes mandatory

16   ethics credits, (2) the prosecutors follow the RPC, RCWs, and other legal

17   authorities, and (3) the Prosecutor's Office has structured oversight of deputy

18   prosecuting attorneys.  *See* ECF No. 114 at 11, ¶ 63; ECF No. 128 at 2, ¶¶ 3-4, at

19   12, ¶ 26.  Plaintiff's allegations are directly contradicted by the record, and such

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 42

speculative statements are at the least insufficient to create a genuine issue of

material fact that Walla Walla County had a pattern of deliberate indifference.

Second, Plaintiff alleges that Walla Walla assigned two inexperienced

prosecutors where Morales had one felony trial and Peitersen had not been in front

of a jury in nine years.  ECF No. 121 at 23, ¶ 28.  Defendants dispute Plaintiff's

inaccurate citation to the record where Morales stated she had tried more than one

felony case and Peitersen has been a prosecutor from 1997 to 2006 and then from

2016 to present.  ECF No. 128 at 12-13, ¶ 28.  Plaintiff mischaracterizes the record

and viewing the facts in light most favorable to Plaintiff, he fails to demonstrate

that this is an expressly adopted official policy, a longstanding practice or custom,

or that a final policymaker acted to impute liability to Walla Walla County.  *See*

*Lytle*, 382 F.3d at 982-83.   Therefore, summary judgment on this claim is

appropriate.

5.  *"It is proper to allow the personal bias and agenda of a prosecutor to
    impact decisions in the prosecution of a case."*

In alleging that Walla Walla County provides no oversight or training

regarding conflicts of interest, Plaintiff cites to the record where Nagle could not

cite to a specific rule.  ECF No. 120 at 12.  Plaintiff also alleges that Defendant

Morales refused to dismiss the case or cut any deals because she had a "conflict /

bias" after Plaintiff's counsel called her unethical.  *Id.* at 13.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 43

1      Plaintiff alleges that Walla Walla County assigned prosecutors with a

2  personal bias to prosecute cases and provided no oversight or training regarding

3  conflicts of interest.  ECF No. 121 at 23-24, ¶¶ 29-30.  Plaintiff further alleges that

4  Nagle could not cite the specific ABA model rule or RPC applicable to conflicts of

5  interest.  ECF No. 121 at 24, ¶¶ 31.  Defendants dispute Plaintiff's allegations as

6  not supported by the admissible record, contain incorrect citations, and Defendants

7  assert that just because Nagle could not identify a specific rule does not equate to

8  not knowing what the ethical rules are.  ECF No. 128 at 13, ¶¶ 29-31.  The basis

9  for Plaintiff's conflict of interest claim is that Plaintiff alleges Morales told

10 Plaintiff's counsel that she was not going to dismiss the case or make any deals

11 because Plaintiff's counsel challenged her ethics in the courtroom.  ECF No. 121 at

12 24, ¶ 32.  Defendants dispute that Morales said this, and the citation to the record

13 rely on Plaintiff's counsel and an outside attorney's assumption and interpretation

14 of what Morales said.  ECF No. 128 at 14, ¶ 32.  Plaintiff's characterization that

15 Morales and Peitersen "developed a bias and personal interest in winning" is pure

16 speculation.  ECF No. 120 at 13.

17     Viewing the facts in light most favorable to Plaintiff, Plaintiff fails to

18 demonstrate that this is an expressly adopted official policy, a longstanding

19 practice or custom, or that a final policymaker acted to impute liability to Walla

20 Walla County.  *See Lytle*, 382 F.3d at 982-83.  The alleged conflict, i.e., that she

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 44

had a personal interest in "winning," was at most an isolated incident from an

employee without final policymaking authority.  Therefore, summary judgment on

this claim is appropriate.

6.  *"When a State's witness perjures themselves, it is appropriate for the
prosecutor to assess the materiality of the lie, and the value of that lie to the
government's case, before informing the Court of the lie."*

Plaintiff asserts that Nagle "confirms that it his practice to assess the lie

before notifying the court of the lie."  ECF No. 120 at 14; ECF No. 121 at 24, ¶ 33.

However, Plaintiff isolates a response from Nagle after he was asked a

hypothetical question and answered that he may have notified a court of an

officer's theoretical lie or he may have taken other steps depending on the facts of

the situation.  ECF No. 127 at 5; ECF No. 128 at 14, ¶ 33.  Defendants assert that

Plaintiff's counsel cut Nagle off in answering the question further by changing the

topic.  ECF No. 128 at 14, ¶ 33.

To put this alleged policy to practice in the current case, Plaintiff states that

Walla Walla City Police Officers lied under oath in the underlying criminal

proceedings.  ECF No. 121 at 24, ECF No. 128 at 14, ¶ 34.  Defendants dispute

this as not relevant to the remaining claims against Walla Walla County and is

inadmissible as it cites to the expert report.  ECF No. 128 at 14, ¶ 34.  Even if an

officer lied on the stand in the case as Plaintiff alleges, Nagle's answer to a broad

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
DEFENDANTS' MOTION TO STRIKE ~ 45

1    hypothetical question is insufficient to show that he ratified or even had knowledge

2    of the alleged lie.

3    　　　Viewing the facts in light most favorable to Plaintiff, Plaintiff fails to

4    demonstrate that this is an expressly adopted official policy, a longstanding

5    practice or custom, or that a final policymaker acted to impute liability to Walla

6    Walla County.  *See Lytle*, 382 F.3d at 982-83.  Therefore, summary judgment on

7    this claim is appropriate.

8    　　　*7.  "If the police don't understand the law, assess how it helps the government*
          *convict before modifying the flaw."*

9

10    　　　Plaintiff asserts that Nagle stated that "it is the practice of his office not to

11    correct the City of Walla Walla Police Department."  ECF No. 120 at 14.  This

12    "practice" is based on Plaintiff's more specific allegation that the Walla Walla City

13    Police Department intentionally misleads witnesses, suspects, and the court

14    through the use of a "*Smith* Affidavit" to support perjury charges of a witness

15    interview and that the Prosecutor's Office was aware of and ignored this practice.

16    ECF No. 121 at 25, ¶¶ 35-39.  Defendants dispute the allegations against the Walla

17    Walla City Police Department as not relevant to claims against Walla Walla

18    County, a mischaracterization of testimony where Nagle did not believe there was

19    any misapplication of the law, and the Walla Walla City Attorney's Office would

20

　　　ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
　　　JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART
　　　DEFENDANTS' MOTION TO STRIKE ~ 46

have jurisdiction over the practices and policies of the Police Department.  ECF No. 128 at 2, ¶ 5, at 14-17, ¶¶ 35-39.

Viewing the facts in light most favorable to Plaintiff, Walla Walla County and Walla Walla City are two separate entities.  ECF No. 127 at 6.  There is no evidence that Walla Walla County is responsible for the actions of City of Walla Walla Police Department officers.  The Court dismissed the claims against the City of Walla Walla on the prior order on summary judgment.  ECF No. 58.  In any event, Plaintiff fails to demonstrate that this is an expressly adopted official policy, a longstanding practice or custom, or that a final policymaker acted pursuant to this policy in order to impute liability to Walla Walla County.  *See Lytle*, 382 F.3d at 982-83.  Therefore, summary judgment on this claim is appropriate.

Plaintiff fails to establish any issue of fact that Walla Walla County engaged in any deliberate conduct that was a "moving force" behind any alleged constitutional injury Plaintiff suffered.  *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).  Therefore, summary judgment on claims against Walla Walla County is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 113) is **GRANTED**.  All claims against the two remaining Defendants are dismissed with prejudice.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 47

2. Defendants' Motion to Strike the Expert Report of John W. Ladenburg Sr. and Declaration of David A. Snider (ECF No. 130) is **GRANTED in part**.

3. Defendants' Motion to Expedite the Hearing on Defendants' Motion to Strike (ECF No. 131) is **GRANTED**.

4. All remaining hearings, deadlines, and trial are **VACATED**.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, furnish copies to counsel and **CLOSE** the file.

DATED May 10, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXPEDITE AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ~ 48