FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY HAWORTH,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF WALLA WALLA, MARCUS GOODWATER, individually and in his capacity as an employee of the City of Walla Walla, SCOTT BIEBER, individually and in his capacity as an employee of the City of Walla Walla, WALLA WALLA COUNTY, MICHELLE MORALES, individually and in her capacity as an employee of Walla Walla County, and JAMES NAGLE, individually and in his capacity as an employee of Walla Walla County,<br><br>           Defendants. | NO. 4:19-CV-5254-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is the Parties Joint Status Report and Discovery Plan. ECF No. 160. This case was reversed by the Ninth Circuit Court of Appeals

ORDER OF DISMISSAL ~ 1

on the sole issue of whether probable cause for Haworth's criminal prosecution eroded between February 2018 and April 2019, when the state court dismissed the criminal case for insufficient evidence. The Ninth Circuit reversed this court's dismissal of the malicious prosecution claims against all Defendants and remanded for further proceedings consistent with its decision. ECF No. 147 at 6.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court may exercise original jurisdiction over cases involving a question of federal law or between parties of diverse citizenship. 28 U.S.C. §§ 1331, 1332. A federal court may also exercise supplemental jurisdiction over pendent claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if a district court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related claim. 28 U.S.C. § 1367(c)(3).

The Ninth Circuit has reaffirmed the discretionary nature of a district court's exercise of supplemental jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). "[A] federal court should consider and weigh … the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

ORDER OF DISMISSAL ~ 2

(1988), *superseded by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

Here, the only remaining claim is a state malicious prosecution claim for which the Court declines to exercise jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The final remaining state law claim is **DISMISSED** without prejudice and with leave to re-file in state court pursuant to 28 U.S.C. § 1367(d).

The District Court Executive is directed to enter this Order, enter Judgment accordingly, furnish copies to counsel and **CLOSE** the file.

DATED March 21, 2023.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 3